## Johnston *versus* The Elizabeth Building and Loan Association.

1. One who deals with a corporation, as such, cannot impeach its charter in a collateral proceeding, by showing that conditions precedent to the existence of the corporation have not been complied with.

2. Declarations of the secretary of a corporation as to the amount due on a mortgage held by it are not admissible in evidence in a suit on the mortgage, unless it be shown that the secretary had authority to bind the corporation by such admissions. It is not sufficient to show that as secretary he had charge of the books and accounts of the corporation.

3. A member of a building association, incorporated under the Act of April 12th 1859 (P. L. 544), who has given to it a mortgage to secure a loan made to a fellow member, is liable to the same extent as he would be if the loan had been made to himself, and cannot plead usury to an action upon the mortgage. Nor is evidence admissible merely to show that less than the face value of the mortgage had been actually advanced,

[Johnston v. Elizabeth, &c. Association.]

since the presumption is that the difference is the premiums legalized by the Act under which the association was incorporated.

Selden v. Reliable Savings & Building Association, 32 P. F. Smith 336, followed.

4. A building association need not inquire for what purpose a loan to one of its members is obtained or what use will be made of the money.

5. A member of the association, who has borrowed money from it cannot, in an action to recover the loan, recoup the loss he has sustained by reason of the suspension of business of the association, which occurred subsequently to the loan.

October 25th 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Clark, JJ. Green, J., absent.

Error to the Court of Common Pleas No. 2 of *Allegheny county :* Of October Term 1883, No. 52.

This was an action of scire facias sur mortgage by the Elizabeth Building and Loan Association, to the use of G. W. Lutes and E. S. Walker, assignees for benefit of creditors of said association, against Josiah P. Johnston, with notice to Allen Williams, terre-tenant. Pleas, payment, payment with leave, set off and special matter in affidavit of defence.

On the trial, before Kirkpatrick, J., the facts appeared as follows : The Elizabeth Building and Loan Association was incorporated on June 7th 1873 under the Act of April 12th 1859 and its supplements. The third article of its charter provided that :

" The capital stock of the association shall consist of twenty-five hundred shares of the value of two hundred dollars each, provided that the association may commence business when one thousand shares shall have been sold."

Among the original members of the association were Johnston the defendant, and William L. Penny. The latter in order to obtain a loan from the association transferred the stock he owned to Johnston who made the mortgage in suit to the association. On these terms the loan was made on June 11th 1874 in the sum of $3,000. About March 1st 1875, before this suit was brought Johnston sold the mortgaged premises to Allen Williams.

The defendant, in order to prove that the association had not been legally constituted, offered to show that prior to the execution of the mortgage in suit, one thousand shares of stock had not been sold. Objected to. Objection sustained and exception. (First assignment of error.)

Defendant then made several offers of testimony to show that in the spring of 1879 Allen Williams being about to purchase the mortgaged property of the defendant inquired of one Young, the secretary of the plaintiff association as to the

amount due on the mortgage, that the secretary examined the books and accounts of the association, stated that the amount due at that time would not exceed eight hundred dollars, and that Williams purchased the property relying on these statements of Young; to be followed by evidence that the secretary had charge of the books and accounts of the association, including the mortgage in question. Objected to. Objections sustained. (Second, Third and Fourth assignments of error.)

Defendant offered to prove that the loan referred to by the mortgage in question was applied for and granted to William L. Penny, who held fifteen shares of stock in the association; that the association required Penny to transfer the stock to Johnston, who was to give the mortgage in question as a security for the reimbursement of the money to the association. This for the purpose of showing that it was not a loan to Johnston upon which the association could collect, directly or indirectly, usurious interest. Objected to. Objection sustained. Exception. (Fifth assignment of error.)

Defendant then offered to show by Williams that only sixteen hundred and fifty dollars was advanced by plaintiff on the mortgage. Objected to. Objection sustained. Exception. (Sixth assignment of error.)

The defendant further offered by several witnesses to prove that the plaintiff association, after the giving of the mortgage sued on, suspended business without cause for a long period of time. This for the purpose of showing that the borrower in this case was deprived of the profits which would have resulted in favor of his mortgage from the receipt and investment of dues coming from the other stockholders, thereby reducing the mortgage in controversy; and further, as a reason why the association, not having acted in accordance with its charter, should not be allowed to collect more than legal interest upon the amount actually advanced. Objected to. Objection sustained and exception. (Seventh assignment of error.)

Verdict for plaintiff for $4,151.31 and judgment thereon. Defendant took this writ assigning for error the above rulings upon his offers of evidence.

*J. S. Ferguson,* for plaintiff in error.—It was a matter of legislative doubt whether a corporation could exercise any corporate function before its charter was recorded: Act April 1st 1874, P. L. 51. Here it is alleged that the corporation having not complied with the terms and conditions of its charter could not transact business under it: Rhoads *v.* Hoernerstown B. & L. Association, 1 Norris 180; Workingmen's B. & L. Association *v.* Coleman, 8 Norris 428. It must therefore be here regarded as a mere voluntary association and cannot re-

cover more than the actual sum advanced with legal interest: Jarrett v. Cope, 18 P. F. Smith 67. The secretary of the association was its general agent, collected its debts, kept its accounts and his admissions to a party who has dealt in good faith should be binding upon his principal: Field on Corporations § 193. The loan in this case was made to Johnston with the knowledge that he did not intend to use it in building but to loan it to Penny. The loan was not within the scope of the alleged corporation which was not authorized to deal in money: Harmony B. & L. Association's case, 6 Phila. 63; Jarrett v. Cope, 18 P. F. Smith 67.

*B. C. Christy* (with whom was *S. A. Johnston*), for defendant in error.—The invalidity of the charter of a corporation cannot be inquired into collaterally, and least of all by a member who has enjoyed the benefit of its privileges: Spahr v. Farmers' Bank of Carlisle, 13 Norris 429; Dyer v. Walker, 4 Wright 157; Mechanics' B. & L. Association v. Minnick, 1 Kulp. 513. Moreover, the absence of corporate capacity can only be taken advantage of by special plea either in bar or in abatement: Fuller v. Eaton, 38 Leg. Int. 278; Rheem v. Naugatuck Wheel Co., 9 Casey 358. Any defect in the capacity of the plaintiff corporation was cured by the Act of May 11th 1874, P. L. 133: Workingmen's B. & L. Association v. Coleman, 8 Norris 428. The secretary was a special and not a general agent of the association, and therefore had no right to bind it by his admissions: Gass v. Citizens' B. & L. Association, 14 Norris 101; Adriance v. Roome, 52 Barb. 399; Pennsylvania R. R.'s Appeal, 30 P. F. Smith 265; Custar v. Titusville Gas Co., 13 P. F. Smith 381; Dabney v. Stevens, 40 How. N. Y. 341; Clark v. Des Moines, 19 Iowa 199; Marsh v. Fulton Co., 10 Wall. 676. Both Johnston and Penny were members of the association, and even if the former were not, he would be bound as surety for the latter: Relief Saving Fund Association v. Longshore, 8 Luz. L. Reg. 199; Gass v. Citizens' B. & L. Association, supra; Building Association v. Mixell, 3 Norris 313. The sixth assignment of error is ruled by Selden v. Reliable Savings & Building Association, 32 P. F. Smith 336.

The opinion of the court was delivered January 7th 1884, by Mr. Justice PAXSON.

The evidence, the rejection of which forms the subject of the first assignment of error, was clearly incompetent. The tendency and object of it was to impeach the charter of the plaintiff corporation. That this cannot be done in a collateral proceeding has been so often decided, that a reference to the authorities is almost needless. It is sufficient to refer to Spahr

*v.* The Bank, 13 Norris 429, which is one of the later cases. Rhoads *v.* Hoernerstown B. & L. Association, 1 Norris 180, has no application.

The second, third and fourth assignments of error may be dismissed with the remark that there was neither evidence, nor even an offer to show, that the secretary had any authority to bind the corporation by any such admission as is there stated. Moreover, the admission could only be held to apply to a payment made voluntarily and pursuant to the charter and by-laws, and not to the amount collectible on the foreclosure of the mortgage. The difference in result where a borrower pays up his stock to the end, and a defaulting borrower, was pointed out in Watkins *v.* The Building Association, 1 Out. 514, and need not be here repeated. So also Gass *v.* Citizens' B. & L. Association, 14 Norris 101.

The fifth assignment is equally without merit. The proposition was that the loan was made to Penny; that Johnston became surety for him by giving the mortgage in suit, and that the association required Penny to transfer the stock to Johnston. Conceding all this to be so it does not affect the case. Both Penny and Johnston were members, one member had the right to become surety for another and we are wholly unable to see how that circumstance affects the contract. Gass *v.* Citizens' B. & L. Association, supra, was the case of a surety, and there is nothing in the building association law, nor in the charter of the plaintiff company, that makes it the duty of the association to inquire for what purpose loans are being obtained, or to require any stipulation from the borrower as to the use he shall make of the money.: Juniata Building & Loan Association *v.* Mixell, 3 Norris 313.

The sixth assignment is ruled by Selden *v.* Reliable Savings & Building Association, 32 P. F. S. 336, and need not be discussed.

The seventh assignment alleges that the court below erred in excluding evidence that the plaintiff association, after the giving of the mortgage sued on, suspended business for a period of some length. If the fact be so, the defendant below was not injured. He was a member. The action of the association was in part his, and was evidently for the purpose of a temporary relief from the burdens imposed upon all. The only effect was to prolong the period of winding up the affairs of the association. The defendant would be in the precise position in the end as if the suspension had not taken place.

Judgment affirmed.