# Bruce *v.* Loeb & Loeb, Appellants.

*Deceit—Sale of real property—Misrepresentations—Evidence—Sufficiency—Court and jury—Function.*

An action in trespass, for deceit in procuring a contract by false representations, is not governed by the rules of evidence which obtain in equity proceedings looking to the modification of reformation of a contract.

Whether the testimony of a witness is full, clear and explicit, is primarily a question for the court, but when it meets these requirements, although it is not supported by other witnesses, it is for the jury to determine whether it should carry conviction to the mind.

Testimony of the plaintiff that he was taken upon the ground by one of the defendants, and shown the actual location of certain lots, which he thereupon agreed to buy, and that he later learned that his contract or agreement was for other less desirable lots, whereupon he promptly offered to surrender the contract, and demanded the return of his money, was sufficient to take the case to the jury in an action in trespass in the nature of an action for deceit.

*Practice, C. P.—Verdict—Execution—Control by court.*

In a case where a question of fact has been properly presented to the jury for determination, and the resulting verdict has the effect of allowing the plaintiff to recover all the money paid by him on account of the contract, as well as to retain the benefits thereof, the situation can be remedied by the power of the court to control the execution by requiring the plaintiff to release any right acquired by the contract.

Argued October 25, 1921.    Appeal, No. 165, Oct. T., 1921, by defendant, from judgment of C. P. Clearfield County, Sept. T., 1914, No. 129, on verdict for plaintiff in the case of Alexander Bruce v. Norman Loeb and Fred Loeb.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Trespass for deceit to recover money paid on contract. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $584.04 and judgment non obstante veredicto.

*Errors assigned* were charge of court, refusal of certain of defendant's points, and refusal of motion for judgment non obstante veredicto.

*W. C. Pentz,* and with him *John J. Pentz,* for appellants.—There was not sufficient evidence to go to the jury, and the court should have granted a nonsuit: Ralston v. P. R. T. Co., 267 Pa. 268.

A written contract cannot be set aside for fraud on the uncorroborated testimony of the plaintiff when he is contradicted: Thompson, Receiver, v. Schoch, 254 Pa. 585; McIvor v. Hynes, 248 Pa. 544; Fuller v. Law, 207 Pa. 101.

*J. J. Kintner,* and with him *Miller & Hartswick,* for appellee.—The case was clearly one for the jury: Sul-

kin v. Gilbert, 218 Pa. 255; Braunschweiger et al. v.
Waits, 179 Pa. 47.

The action was not for reformation of a written in-
strument, but was to recover on account of fraud. Evi-
dence sufficient to reform a contract was not to be re-
quired in this case: Hartranft v. Fussell, 180 Pa. 560;
Sacks et ux. v. Schimmel, 3 Pa. Superior Ct. 428.

The plaintiff has a right to stand by his contract, and
recover back money he paid through fraud: Guffey
v. Clerer et al., 146 Pa. 548.

OPINION BY PORTER, J., December 12, 1921:

This proceeding in trespass is in the nature of an
action for deceit. It is based on alleged false represen-
tations in regard to the location of property, which by
article of agreement, the defendants agreed to sell and
the purchaser to buy, by which representations the latter
was deceived and fraudulently induced to purchase and
pay the greater part of the purchase money for the same.
Appellants, the defendants, thus state the questions
which they aver are involved in the determination of this
appeal: "First. Whether the evidence to rescind the con-
tract is clear, precise and indubitable, is a question for
the court, and when the testimony on the part of the
plaintiff is vague, indefinite and uncertain, the court
should direct verdict for the defendant. Second. A writ-
ten contract cannot be set aside on vague, indefinite and
uncertain testimony of the plaintiff, alone, not sup-
ported by other evidence or corroborating circumstances.
Third. Where one claims to have discovered a fraud in
a contract and afterwards made a payment on the con-
tract, it is a ratification of the agreement, and he cannot
rescind."

This is not a case involving the modification or vari-
ation of a written contract by parol. Its important as-
pect is the obtaining of a contract by means of false
representations, rather than the omission from the writ-
ten agreement of any covenant of the parties. It is a

mistake to apply in actions of this kind rules of evidence which obtain in equity proceedings. The sufficiency and accuracy of the written agreement were not impeached; the court was not asked to reform it in any way; the claim of the plaintiff rested on matters wholly outside of any writing. Did the defendant who carried on the negotiations take the plaintiff upon the farm to which the plan of lots applied and there point out to him the location upon the land of the lots described in the article of agreement? No matter how this fact was found, it would not be in contradiction of the written agreement. "True, where fraud is set up.......in an action of this character, evidence to establish the fraud must be clear, explicit and indubitable; but whether it reaches this degree or not is a question for the jury. The testimony of a single witness, even though contradicted by others, may carry conviction to the minds of the jury, and when this occurs the law approves and sustains": Sulkin v. Gilbert, 218 Pa. 260. Whether the testimony of the witness is full, clear and explicit, is primarily a question for the court, but when it meets these requirements, although it is not supported by other witnesses, it is for the jury to determine whether it should carry conviction to the mind.

It is to be observed that the statement of the first and second questions asserted by appellants to be involved, as above quoted, are really based on the assertion that the testimony of the plaintiff was "vague, indefinite and uncertain." The disposition of the specifications of error which are supposed to raise those questions must, therefore, be controlled by the determination of a single question, viz: was the testimony of the plaintiff, concerning the representations as to the location of the lots upon the land, so full, clear and explicit as to warrant its submission to the jury? He testified that Norman Loeb, one of the defendants, took him upon the land and there pointed out to him two lots which were next to the farmhouse and the fronts of which included the line of

the last row of apple trees in the orchard; that he asked to see the stakes indicating the numbers of the lots, but that Loeb told him they had disappeared; that he saw the avenue in front of the lots, although he did not know its name and that there was nothing upon the ground to indicate what the name of the avenue was; that there was a well upon the adjoining lot, occupied by the farmhouse; that the lots were well located, had a desirable elevation above the street and after his examination of them he agreed to take them, and that when the agreement was prepared Loeb told him that it was for the same lots that had been pointed out to him when they were upon the land. He testified further that about a year and a half afterwards he discovered that the street upon which the lots which Loeb had pointed out to him fronted was called Loeb Avenue, upon the plan, while the lots which were described in the article of agreement fronted upon a street called, upon the plan, Atlantic Avenue. He testified further that the lots described in the agreement were low, swampy and a spring run passed through them, and were in all respects much less desirable than the lots which Loeb had pointed out to him. Within two days after discovering the fraud which had been practiced upon him he went to Fred Loeb, offered to surrender the article of agreement and his rights thereunder and demanded a return of his money, which proposition Loeb refused to accept. He subsequently brought this action. We have carefully considered the testimony of the plaintiff, as to the representations made to him with regard to the location of the lots, and do not find it to be either vague, indefinite or uncertain.

The entire tract embraced by the plan of lots which the defendants had laid out had but recently been a farm; but the location of the streets had been marked upon the ground. The plaintiff testified frankly that he did not know the names of the streets, or avenues, but that he saw in front of the lots which Loeb pointed out

to him the street upon which the lots fronted. His testimony as to the location of the lots which he was to get was full, clear and explicit. They were the lots next to the lot upon which the farmhouse stood and along near the front of which the line of the last row of apple trees passed and immediately in front of them was an avenue. That testimony fixed the location of the lots. The mere fact that he did not know the name of the avenue was immaterial, for his testimony definitely fixed its location upon the ground. The specifications of error which raise the first and second questions alleged to be involved are dismissed.

The third question stated to be involved is not raised by any specification of error. Whether the plaintiff did make a payment upon the contract after discovery of the fraud was a fact in dispute under the evidence. The defendants, by their fourteenth point, requested the court to charge, in substance, that if such a payment was made, the verdict must be in favor of the defendants, which point the court affirmed. The verdict must be accepted as determining that no such payment was made. The first point submitted by the defendants for instruction requested the court to charge that the plaintiff must establish his case by evidence that is clear, precise and indubitable and the second, "That in order to recover the plaintiff must establish every element of his case by evidence that is clear and beyond a reasonable doubt." The court affirmed both of these points and the defendants certainly have no ground to complain of the manner in which the case was submitted to the jury. The defendants declined to assent to a cancellation of the written contract when the plaintiff discovered the fraud and, again, at the trial in the court below. The plaintiff has recovered a verdict for all the money that he paid on account of the contract. The situation thus resulting can be remedied by the power of the court below to control the execution, by requiring the plaintiff

to execute a release of any right acquired by the written contract in the property therein described.

The judgment is affirmed.