# Dunbar v. Preston et al., Appellants.

*Appeals—Evidence—Inferences—Binding instructions — Judgment n. o. v.*

1. In considering whether or not binding instructions should have been given for a defendant, or judgment non obstante veredicto entered in his favor, all the evidence and inferences therefrom, favorable to plaintiff, must be taken as true, and all unfavorable to him, if depending solely on testimony, must be rejected.

*Deceit—Evidence—Inducement to part with property—Writing —Fraud.*

2. Plaintiff may recover in an action of deceit, if he proves, to the satisfaction of the court and jury, that any of the averred misrepresentations of defendant, upon which he relied to his injury, constituted a material inducement, by reason of which he parted with his property.

3. In suing to recover damages for a deceit practiced on him, plaintiff need not prove, by the character and quantity of evidence required in cases where it is attempted to reform a written instrument by parol, that the statements made in a writing given by defendant to him, in order to accomplish the fraud, were untrue. Such a suit is on the misrepresentations, not on the writing.

4. Nor, under such circumstances, need he, as a condition to maintaining his action, transfer any supposed interest acquired by the writing, especially if it was of no value; the court below can control the execution by requiring plaintiff to release any such supposed interest.

Argued January 25, 1926.  Appeal, No. 100, Jan. T., 1926, by defendants, from judgment of C. P. Bradford Co., Sept. T., 1922, No. 35, on verdict for plaintiff, in case of Willard H. Dunbar v. J. J. Preston and Robert Connor.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for deceit.  Before BARBER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,802.08.  Defendants appealed.

*Error assigned* was, inter alia, refusal of defendants' motion for judgment n. o. v., quoting it.

*John C. Ingham,* with him *Lee Brooks,* for appellants. —Plaintiffs cannot declare for deceit and, failing to establish it, recover on a contract averred to be a part of the machinery of deceit complained of: Dutton v. Pyle, 7 Pa. Superior Ct. 353; Cole v. High, 173 Pa. 590; Franklin Printing Co. v. Crum, 65 Pa. Superior Ct. 166; Lamberton v. Dunham, 165 Pa. 129.

In an action of trespass for deceit the scienter must be proved, and the only ground for recovery for the false representations is the bad faith in making them: Lamberton v. Dunham, 165 Pa. 129.

The burden of proof was upon plaintiff not only to show that the representations were made to him, where not admitted, but also that such representations were false, and that defendants knew at the time that they were false: Deppen v. Light, 228 Pa. 79; Lamberton v. Dunham, 165 Pa. 129; Franklin Printing Co. v. Cram, 65 Pa. Superior Ct. 166, 27 C. J. 44.

Representations must be of past or present conditions, not of future ones: Lowry Nat. Bank v. Hazard, 223 Pa. 520.

*A. C. Fanning,* of *Fanning & Kaufman,* with him *Charles E. 'Bullock,* for appellee, cited: Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280; 20 Cyc. 41; 12 R. C. L. 358.

OPINION BY MR. JUSTICE SIMPSON, March 15, 1926:

Defendants appealed from a judgment entered on a verdict in favor of plaintiff, in an action of trespass for deceit, and assign as error only the refusal of their point for binding instructions, and the dismissal of their motion for judgment non obstante veredicto. Under such circumstances, all the evidence and inferences therefrom, favorable to plaintiff, must be taken as true, and all unfavorable to him, if depending solely on testimony, must be rejected: Mitchell v. City of New Castle, 275 Pa. 426; Fluke v. Lang, 283 Pa. 54.

The statement of claim sets forth nine matters regarding which it is averred defendants deceived plaintiff; but, although there was evidence to show that a number of them were false and untrue, and were known by defendants to be so, we will consider only the one which immediately and directly resulted in their wrongfully obtaining plaintiff's money. That some of the other alleged misrepresentations were mere matters of opinion, and still others were not proven, is of no moment, since the one on which we sustain his right of recovery "may have constituted a material inducement" (12 R. C. L. 358; Gillespie v. Hunt, 276 Pa. 119), as plaintiff testified and the jury found it did; and, hence, for the reason above given, this fact must be treated as having been conclusively established.

The pertinent evidence, when limited as above stated, is as follows: Defendants, claiming to be the owners of practically all the stock of a Mexican corporation, which was said to own a copper mine in Mexico (which stock had cost them little or nothing), repeatedly endeavored to induce plaintiff to purchase from them an interest in the mine, making to him certain representations, of at

least doubtful truth, as to its great value, its fine location, its proximity to a railroad, and its facilities for transporting the ore from the mines to the railroad, and thence to the smelting works; but plaintiff refused to purchase, without an opportunity of looking the property over. This he never had. Finally, they came to him in great urgency, stating that they must have the sum of $5,000 at once, to enable them to pay the State of Delaware for the charter of incorporation of a company organized to operate the mine, application for which charter had already been made, and which, they were advised by their counsel, might be expected to be granted at any time. As a further inducement to plaintiff to advance the money at once, they said they would give him a one-tenth interest in the mine, to be replaced by stock as soon as the charter was granted, and would also employ him as foreman of the mine, and his two sons in other capacities there. Relying on their representations, plaintiff paid the $5,000 to them. In point of fact, there never had been an application for such a charter, no part of the money was, or was intended to be, paid to the State of Delaware (it was in fact personally used by one of defendants), and, if a charter had been granted, the money would not have been needed for any purpose in connection with it. In both their pleadings and evidence, defendants admit that, if made, all these alleged statements were false and untrue, and were known by them to be so, but they strenuously denied that they had made such misrepresentations. Plaintiff so testified, however, and, in addition, that for months after he had paid the $5,000, he repeatedly asked one of the defendants regarding the charter and when their promises to him would be kept, but his inquiries were met by the further untrue statement that the delay was due to the attorney who was applying for the charter. The jury believed plaintiff as to all these matters, which, under the rule above stated, must be taken as true, for the purposes of this appeal. It follows that we

cannot say, as appellant asks us to do, that the verdict, which represented the $5,000 wrongfully obtained from plaintiff, had no evidence to support it.

It is said by defendants, however, that at the time plaintiff paid the money, he was given a paper, executed by the Mexican corporation, transferring to him a one-tenth interest in the mine, that he still retains this assignment, and, hence, as he did not show what it was worth, there was no evidence by which his damages could be determined. They further contended that plaintiff's testimony was contrary to the statements made in that document, and did not measure up to the legal standard required, where it is attempted to vary a writing by parol testimony. But no question arises on this record as between plaintiff and that corporation, and defendants cannot be heard to set up any of its rights, if it has any, as an excuse for the retention of the money which they obtained by reason of their false and fraudulent representations. "This is not a case involving the modification or variation of a written contract by parol. Its important aspect is the obtaining of a contract [if, in the present case, it is even this] by means of false representations, rather than the omission from the written agreement of any covenant of the parties. It is a mistake to apply in actions of this kind rules of evidence which obtain in equity proceedings. The sufficiency and accuracy of the written agreement were not impeached; the court was not asked to reform it in any way; the claim of the plaintiff rested on matters wholly outside of any writing" (Bruce v. Loeb & Loeb, 78 Pa. Superior Ct. 22, 24), and, it may be added, as applicable to the present case, was against other parties than the one legally interested in the writing.

Moreover, defendants themselves proved that plaintiff did not obtain anything of value by virtue of that paper, for they testified that an American citizen, as plaintiff was, could not own an interest in land in Mexico. Hence, as this is what the paper purported to trans-

fer to him, the supposed assignment is of no value, nothing was required to be deducted from the money paid by reason of it, and the damages were accurately measured. Besides, if the alleged assignment is believed by defendants to have some value, "the situation thus resulting can be remedied by the power of the court below to control the execution, by requiring the plaintiff to execute a release of any right acquired by the written contract": Bruce v. Loeb & Loeb, 78 Pa. Superior Ct. 22, 27; Smith v. Citizens Ins. & M. Co., 284 Pa. 380, 383.

The judgment of the court below is affirmed.