# Caldwell, Appellant, v. Continental Trust Co.

*Appeals—Judgment n. o. v.—Evidence—Inferences—Consideration of all the evidence—Binding instructions.*

1. In determining whether or not a litigant is entitled to a judgment non obstante veredicto, all the evidence and inferences therefrom, favorable to the other party, must be taken as true, and all unfavorable to him, if depending solely on testimony, must be rejected.

2. As against a motion for judgment non obstante veredicto, it is a matter of no moment how the court charged the jury at the trial; the only question is whether or not, on a consideration of all the evidence which was admitted, the party making the motion was entitled to binding instructions.

*Sales—Contract—Representations—Fraudulent statements—Obtaining money by false representations—Principal and agent—Deceit—Material inducement—Burden of proof, when on defendant.*

3. Statements, by one seeking to sell securities in his possession, to a person ignorant of their value, that he, the seller, is the owner of them and others of the same kind, has investigated the facts regarding them, and is keeping the others as an investment for himself, are material representations, for which he may be held liable to the purchaser, if the statements are untrue.

4. This is especially so where the seller is a financial institution, supposed to have special knowledge on the subject.

5. Obtaining money by such a misrepresentation is a fraud and a moral wrong.

6. A purchaser is entitled to rely upon a statement made by defendant's agent, without inquiry of the defendant himself, if the statement was set forth also in a circular issued by defendant. If defendant avers it told its agent that the statements in the circular did not apply to the particular securities he was about to sell, it had the burden of proof of showing this fact.

7. Plaintiff is entitled to recover in an action of trespass in the nature of deceit, if he satisfactorily proves that any of the averred misrepresentations of defendant, upon which he relied, to his injury, constituted a material inducement, by reason of which he parted with his money or property.

36 CALDWELL, Aplnt., *v.* CONTINENTAL TRUST CO.

Argued September 29, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 135, March T., 1927, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1925, No. 658, for defendant n. o. v., in case of Charles R. Caldwell v. Continental Trust Co. Reversed.

Trespass for deceit. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $11,000, on which judgment was entered for defendant n. o. v. Plaintiff appealed.

*Error assigned,* inter alia, was judgment for defendant n. o. v., quoting record.

*O. K. Eaton,* with him *Harvey Morton Aronson,* for appellant.—The representation was material as a matter of law: Dunbar v. Preston, 285 Pa. 502; Hopkins v. Phillips, 76 Pa. Superior Ct. 243; Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280; Righter v. Parry, 266 Pa. 373; Brown v. Eccles, 2 Pa. Superior Ct. 192; Lake v. Weber, 6 Pa. Superior Ct. 42.

Defendant cannot now raise the defense that it had no knowledge of the misrepresentation: Buehler v. Fashion Plate Co., 269 Pa. 428; Myers & Myers v. Pfeiffer, 84 Pa. Superior Ct. 505; Booker v. R. R., 82 Pa. Superior Ct. 589.

A principal is liable for the misrepresentation made within the ostensible scope of authority of a duly authorized agent, even where he is not unjustly enriched thereby and a fortiori where he is unjustly enriched thereby: Bos v. Bank, 41 Pa. Superior Ct. 388; Griswold v. Gebbie, 126 Pa. 353; McNeile v. Cridland, 168 Pa. 16; Wachter v. Assurance Co., 132 Pa. 428; Erie City Iron Works v. Barber & Co., 106 Pa. 125.

*John A. Metz,* with him *Frank P. Patterson* and *James F. McNaul,* for appellee.—No one can be guilty

of a moral wrong without knowing it. It therefore follows that, in an action of deceit, this court has always held that the scienter must not only be alleged but proved.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1927:

In what was formerly called an action of deceit, plaintiff recovered a verdict against the defendant trust company, for the value of certain bonds, which he had been induced to purchase by false and fraudulent representations; the court in banc entered judgment for defendant non obstante veredicto, and plaintiff now appeals. Under these circumstances "all the evidence and inferences therefrom, favorable to plaintiff, must be taken as true, and all unfavorable to him, if depending solely on testimony, must be rejected": Dunbar v. Preston, 285 Pa. 502.

Under this rule, the facts may be epitomized as follows: One of the branches of defendant's business was the selling of bonds. For this purpose it had an Investment Department, located in its bank building, in charge of a manager and certain assistants. Prior to plaintiff's purchase of the bonds of the McLean Tire & Rubber Company, which resulted in the present action, defendant had issued a circular, which stated that "the bond department [of defendant]......always has a choice list of high grade......bonds for sale......*and handles no securities except those purchased for its own account."* This had been shown to plaintiff, when, prior to his purchase of the Tire & Rubber Company bonds, he had bought other securities from defendant. When its assistant first called plaintiff's attention to these bonds, he said to plaintiff: "We are making a thorough investigation. If they [the entire $150,000 issue] meet with our requirements, we will purchase that issue of bonds." At a later date the assistant told plaintiff that defendant's "requirements......had been complied with, that they had bought the bonds. They were going to keep

fifty per cent, or $75,000, as an investment for themselves, and the remaining fifty per cent they were going to sell to a few selected customers like myself." Relying on these representations, plaintiff bought from defendant $10,000 par value of the bonds. Shortly thereafter the Tire & Rubber Company went into the hands of a receiver, and plaintiff's investment was a total loss. Defendant admitted that the statements, alleged to have been made to plaintiff, were untrue. It never bought any of the $150,000 issue of bonds. It loaned the Tire & Rubber Company $120,000 at eight per cent interest, on a pledge of all the bonds, with an option to buy them within a specified time, which option was not exercised; in addition it had a right to sell the pledged bonds, applying ninety per cent of the proceeds on account of the loan, and keeping the balance for itself. The bonds plaintiff received were part of those which had been pledged as above set forth, $9,000 of the purchase price being credited on the loan and $1,000 kept by defendant.

In the court below, and here, defendant contended (1) that the above representations were not material, and hence could not "constitute the basis of an action in trespass for fraud and deceit"; and (2) it cannot "be found guilty of a moral wrong in an action in trespass for the fraud of its agent, of which it had no knowledge."

The court below decided the first point against defendant, and we do not see how it could have done otherwise. It is difficult to understand how a trust company could more readily deceive a proposed purchaser of bonds from them, he being ignorant of the value thereof, than to tell him that, after a thorough investigation, they had purchased the entire issue, and were keeping half of it as an investment for themselves. He who doubts the materiality of such a representation should read Continental Ins. Co. v. Equitable Trust Co., 127 N. Y. Misc. 45, 47, where it is said: "Nothing could

be more persuasive to an investor in giving credence to the Mercadante statements. [as to the bonds sought to be sold by defendant] than that defendant itself had sufficient confidence in them to induce the investment of some millions of dollars"; and what we said in Ziegler v. First National Bank of Allentown, 93 Pa. 393, 397: "No class of men have the confidence of the people to a greater extent than bank officers. Depositors do not deal with them at arms' length, and can be imposed upon with the utmost ease by such officials. It would be monstrous to allow them to take advantage of the ignorant and unwary, by reason of their position and the confidence which it inspires." See, also, Gillespie v. Hunt, 276 Pa. 119, 124.

The materiality of the misrepresentation being established, the road to the end of the case is short. Admittedly, plaintiff can recover if defendant's executive officers were in any way responsible for the misrepresentations, as here they were, at least in part. The issuing of the circular which averred that "defendant handles no securities except those purchased for its own account," was the act of its officers. In the absence of evidence to the contrary, and there is none, the jury would have been justified in finding that plaintiff relied on the statements contained in the circular, as authority for the misrepresentations of defendant's agent, without making further inquiry. If, correcting the statement in the circular, so far as respects these particular bonds, defendant had told its agent that it did not own them, and he nevertheless made the statement that it did, it had the burden of proof of showing this fact: Gillespie v. Hunt, 276 Pa. 119, 123. It offered no such proof. It is a matter of no moment that the case was not thus presented to the jury; as against a motion for judgment non obstante veredicto, the question is not how the court charged the jury, but whether or not, on a consideration of all the evidence which was admitted, binding instructions should have been given in favor of the party

making the motion? Nor is it a matter of any moment that the misrepresentations alleged to have been made were broader than the statements in the circular. It is sufficient "in an action of deceit, if he [plaintiff, satisfactorily] proves......that any of the averred misrepresentations of defendant, upon which he relied to his injury, constituted a material inducement, by reason of which he parted with his property": Dunbar v. Preston, 285 Pa. 502. Obtaining plaintiff's money by such false representations is a fraud, and, as the court below well stated, "fraud is a moral wrong."

What has been said answers defendant's second contention, upon which, alone, the court below relied in entering its judgment non obstante veredicto, and obviates the necessity for considering the other points made by plaintiff.

The judgment of the court below is reversed, and the record is remitted with a direction to enter judgment for plaintiff on the verdict.