## Glatfelter v. Sauder.

*C. E. Charles* and *Charles G. Baker*, for rules.
*Harold G. Ripple* and *Charles W. Eaby*, contra.

LANDIS, P. J., July 7, 1928.—The verdict of the jury in this case having been for the plaintiff, and no error being claimed as to the manner in which the facts were submitted to them, the rule to show cause why a new trial should not be granted must be considered from that point of view. If the facts warranted the submission, we ought not to interfere with the result.

In Scalet *v.* Bell Telephone Co., 291 Pa. 451, Mr. Justice Simpson, delivering the opinion of the court, said: "Under these circumstances, all the evidence and inferences therefrom favorable to plaintiffs must be taken as true, and all unfavorable to them, if depending solely on testimony, must be rejected: Dunbar *v.* Preston, 285 Pa. 502. When these matters are the only ones to be considered, the courts do not inquire whether one party or the other has the weight of the evidence."

There is a State cement road, eighteen feet wide, which runs from Lancaster northwestwardly toward Harrisburg, and along it are places for parking, &c., of dirt. It passes through the Village of Salunga. On Sept. 7, 1925, the plaintiff started on a motorcycle with a side-car attached, in which his wife was riding, from Lancaster to go to Harrisburg. They arrived at Salunga about 8 or 9 o'clock in the morning. They were running at about eighteen or twenty miles an hour. The defendant, who lives at a place called Rohrerstown, about six miles away, came on this morning in a Chevrolet car to Salunga and stopped his car on the right-hand side of the road, just off the concrete, in front of a barber shop. A short time thereafter, he came out of this shop and, having gotten into his automobile, he turned to the left over the concrete in order to go into a public alley, which entered the main highway from the south. It was proven by the plaintiff that, as he was running

on the right-hand side of the cement road and was passing this point on his motorcycle, the defendant, without warning, made the turn over the concrete part of the road and ran into the right side of the side-car; that, as a consequence, he and his wife were thrown off of the motorcycle and out of the side-car, whereby they sustained the injuries for which this suit was brought. The defendant claimed that the plaintiff was running at a high rate of speed; that he ran into the automobile when the front wheels had crossed over the cement to the dirt portion of the road; and that he was in fault for the accident, and not the defendant. The questions of negligence and contributory negligence were submitted to the jury.

Objection was made to certain photographs which were offered in evidence by the plaintiff. We think there was no merit in the objection. In Com. *v.* Winter, 289 Pa. 284, it was held that photographs are admissible for proper purposes in criminal cases; and in Trexler Lumber Co. *v.* Allemannia Fire Ins. Co., 289 Pa. 13, it was said that "the question of when photographs shall be received in evidence is largely for the discretion of the trial judge."

We believe that there is nothing contained in the reasons assigned for a new trial which would warrant us in making that rule absolute.

The sole remaining ground on which the defendant's case is claimed to rest is that binding instructions should have been given in favor of the defendant. We do not see how this could have legally been done. The evidence as to the accident was contradictory. Conceding that the defendant had the greater number of witnesses, yet, nevertheless, their credibility was for the jury, and it rested with them to determine which story was correct. On the trial, we said: "You will judge as to who had the greater opportunity to see what occurred and what is the true story as to who caused the accident. . . ." If the trial judge was authorized to settle the facts, there would be no use for juries. An examination of the plaintiff's evidence will, beyond peradventure, show that, if believed, there was sufficient testimony to sustain the verdict. If that is so, the verdict should stand.

It has been argued that the plaintiff having admitted that he did not blow his horn, he was guilty of contributory negligence and cannot recover. As a matter of fact, that claim is incorrect. On page 4 of the testimony, the plaintiff testified: "I first saw it (the automobile) about twenty-five feet. . . . I saw him moving—coming towards the road. I blew my horn to pass and turned to the left of the road. Just as I was about to pass him, he turned sharp on the left." It must also be remembered that the defendant was standing off the concrete to the right on the dirt road before the barber shop, and if this was so, the plaintiff was not bound to blow his horn unless it was necessary to insure safety. The 22nd section of the Act of June 30, 1919, P. L. 678, provides that "every operator of a motor-vehicle shall sound his horn, bell or signal device, giving reasonable warning of his approach whenever necessary to insure the safety of other users of the highway, and before passing any vehicle he may overtake or pedestrian using any part of the highway other than the sidewalk, . . . but the horn, bell or other signal device shall not be sounded unnecessarily."

We are of the opinion that this case was properly submitted to the jury and that no good reason has been advanced why we should interfere with the finding. The rule to show cause why a new trial should not be granted is, therefore, discharged, and the motion for judgment *non obstante veredicto* is overruled and dismissed.

Rule discharged and motion overruled.

From George Ross Eshleman, Lancaster, Pa.