Washington Finance Corporation *v.* Scannell, Trading as Scannell Brothers, Appellant.

192 

Argued November 21, 1928. 

 Before HENDER-
SON, TREXLER, KELLER, LINN, GAWTHROP and CUNNING-
HAM, JJ. 

*J. Roy Lilley*, and with him *Wm. P. Wilson* and *Wm. G. Schrier*, for appellant, cited: Fehr v. Campbell, 288 Pa. 549.

*Joseph W. Beaman*, and with him *Stephen H. Smith*, for appellee.—The notes in suit are not subject to, any defense that might have been made against original trade acceptances: Longacre v. Robinson, 274 Pa. 35; Hitchner W. P. & P. Co. v. Shoemaker, 75 Pa. Superior Ct. 520. The statements of the affidavit of defense do not amount to allegations of fraud: Lowry National Bank v. Hazzard, 223 Pa. 520; Grove v. Hodges, 55 Pa. 504; The Homewood Peoples Bank v. Simon, 279 Pa. 118; Hotel Statler Co. v. Girard Bank, 89 Pa. Superior Ct. 537.

OPINION BY TREXLER, J., January 25, 1929:

The court made absolute the plaintiff's rule for judgment for want of sufficient affidavit of defense.

Was this action warranted? The plaintiff's, the Washington Finance Corporation, statement alleges that on the 30th of October, 1924, the defendant gave to it two promissory notes amounting to $491.25 to recover which, with interest and an attorney fee, suit was brought. The affidavit of defense sets out that some time in the last week of September, 1924, which it will be noticed was about a month before the giving of the notes in suit, the Paramount Radio Corporation, by its agent, entered into a contract with the defendant for the sale of Paramount radio sets, which contract was in writing and signed by the defendant. A duplicate promised to him was not furnished, but on October 10, 1924, a blank form of the contract was sent and a copy of the form so received was attached to the defendant's affidavit.

The defendant further alleges that at the time of the execution of the contract, the defendant informed the plaintiff's agent that he did not desire to enter into any contract with them for the sale of Paramount radio sets and as an inducement to his signing the contract, the agent deceitfully, wrongfully and fraudulently stated that if he would sign the contract for the sale of said radio sets, that the Paramount Radio Corporation would send two of its representatives within a week or ten days to help the defendant to make the sale of such sets and that the agent of the corporation would also return in three weeks to help make sales of Paramount radio sets; that this collateral agreement which formed the consideration of the agreement was never fulfilled; that the representatives nor the agent ever returned as promised; that at the time of the execution of the contract there were two trade acceptances given which were part of the said contract and which were to be due at sixty and ninety days from October 7, 1924; that the defendant learned through the Athens National Bank that these trade acceptances were due at thirty and sixty days

instead of sixty and ninety days. He wrote to the Paramount Radio Corporation in relation thereto and in reply to his communication, the plaintiff, the Washington Finance Corporation, to whom the acceptances had been sold, sent a communication to him in which they enclosed two notes which are those in suit, both dated October 30, 1924, and due respectively on December 7, 1924, and January 6, 1925, that the defendant signed the notes as requested, but never received the trade acceptances which were part of the original contract; that about November 22, 1924, the defendant requested the Paramount Radio Corporation to take back the merchandise, but it refused to do so and stated that it had sold the acceptances to the finance corporation above named.

In an amendment to the affidavit of defense, the defendant alleges that he had no idea of the value of radio receivers and was unable by inspection to determine the value or quality of the sets, but that he found that the prices were too high and that they were unsaleable and were improperly constructed and further into detail as to what was the matter with them. This amendment was filed on the 30th day of December, 1926. The pleadings do not disclose when defendant received the sets and we are unable to tell definitely how long he had had them when he gave the new notes to the Washington Finance Corporation. One thing is certain that there was an element of forbearance which induced the giving of the new notes, the time of maturity having been extended. Furthermore, there was an acknowledgment of indebtedness without qualification when the new notes were given on October 23rd, twenty-three days after the date of the trade acceptances. If there was any infirmity in regard to the first acceptances, it would seem that the giving of the new notes removed that element from the case, there being a consideration for the two notes moving from the defendant to the plaintiff and the question whether

the defendant was a bona fide purchaser disappeared. But passing this feature of the case, we note, as stated, that the collateral promise which it is claimed induced the plaintiff to sign the original acceptance was that they were to send two salesmen and the agent himself would return to assist in the sale of radio sets, but as the court observes, this did not show fraud, but merely a promise to perform in the future. Furthermore, the written contract covers the same subject as the collateral verbal agreement, for the defendant grants to the vendor, the radio corporation, the right to send a salesman into the territory and to charge for his services a "difference of five per cent." There is also a provision that in consideration of tying up exclusive territory and to protect the radio corporation, the order could not be countermanded or modified by outside or verbal agreements. This would seem to dispose of the contemporary agreement. Hauer v. Martin, 284 Pa. 407; Meyercord v. Gwilliam Mfg. Co., 85 Pa. Superior Ct. 33. As to the allegation that the trade acceptances were never returned to the defendant and as they had not matured at the time the notes in suit were given might be in the hands of an innocent purchaser for value and thus double recovery might be had against the defendant, the court stated, "Defendant can be protected against any such event by the power of the court to control execution, by requiring a return of the said radio acceptances, if not already returned to defendant. Dunbar v. Preston, 285 Pa. 502; Bruce v. Loeb & Loeb, 78 Pa. Superior Ct. 22; Smith v. Citizens Ins. & M. Co., 284 Pa. 383."

The court below, we think, took the correct view, that the controversy narrowed itself down to the relation between the plaintiff and the defendant when the new notes were given. The giving of the notes was a new contract founded upon the consideration of forbearance, that at the time, ten days having expired,

the engagement of the radio corporation to send two representatives had not been fulfilled and the defendant necessarily knew it, and the giving of the new notes was a waiver of that defense.

The judgment of the lower court is affirmed.