Levick B. & L. Assn. *v.* Collins et al., Appellants.

Argued October 17, 1933.

*William Brodsky,* for appellant.

*Gilbert J. Kraus,* and with him *D. Arthur Magaziner* and *Edward S. Weyl,* for appellee.

OPINION BY STADTFELD, J., March 8, 1934:

The Samuel Levick Building & Loan Association, plaintiff, which held a judgment against the defendants, Charles and Lena Collins, issued a writ of attachment execution, which was served upon the Greater Investment Building & Loan Association, garnishee, on August 8, 1930. To plaintiff's interrogatories, garnishee filed answers and supplemental answers setting forth that until June 4, 1930, the defendant, Charles Collins, was the owner of five shares of the stock of garnishee association under Book No. 720 which, it averred, were transferred on that date to Beckie Brodsky. Plaintiff ruled the garnishee to plead and the issue on the plea of nulla bona was tried before the court without a jury. The trial resulted in a finding for the plaintiff, upon which judgment

was entered after dismissal of garnishee's motions for new trial and judgment n. o. v. by the court in banc. Garnishee's appeal is based upon alleged errors in the admission of evidence and in the finding of the court and, the entry of judgment for plaintiff, in an opinion by GLASS, J.

The only issue was whether the shares of the defendant, Charles Collins, were transferred to Beckie Brodsky on June 4, 1930, as averred by the garnishee, or whether there was an attempt to transfer them subsequent to August 8, 1930, the date upon which the attachment was served.

The issue was solely one of fact which was for the trial judge. The finding by the judge has the force and effect of the verdict of a jury, if supported by legally competent evidence. In view of the finding for plaintiff, all the evidence and proper inferences therefrom favorable to the plaintiff must be taken as true and all unfavorable to it rejected. Hunter v. Pope, 289 Pa. 560. Caldwell v. Continental Trust Co., 291 Pa. 35; Frank v. Reading Co., 297 Pa. 233; Snyder v. Penn-Liberty Refining Co., 302 Pa. 320; Finch v. Horn & Hardart Baking Co., 94 Pa. Superior Ct. 599.

Benjamin Krakow, secretary of plaintiff association, testified that he called up Samuel Weiner, secretary of garnishee association, at the latter's office on August 6, 1930, and asked Weiner whether Mrs. Collins, one of the defendants, still had her shares in the garnishee association. He, Weiner, told Krakow to hold the wire and left the phone. When Weiner came back, he said, according to Krakow, "Yes; they are in the name of Charles Collins, and there is an $80 stock loan on them." Two days later, the writ of attachment was served. Krakow also testified that a few days after the attachment was issued, he stopped at Weiner's office to have a paper notarized by Weiner

and said to him, "By the way, have you received an attachment in the Collins matter?" and he said, "Yes," and I said, "Have you notified him yet?" and he said, "No, but I am going to write them right away," and I said "All right," and on August 27 Mrs. Collins came in and then she offered $450 in settlement of our debt, plus the release of the attachment.

Weiner himself, under cross-examination by plaintiff, in plaintiff's case testified, "If my memory serves me right, I remember a phone call from Mr. Krakow asking me whether the Collins people had stock in the association, and just at that moment I didn't turn back to the records of the association, I said, 'I think they do and that was all.' "

Weiner, on direct examination, denied that he said to Krakow at the time of the telephone conversation that he, Weiner, would go back and consult the record. "I said immediately Mr. Collins is a stockholder, knowing the man for 10 or 12 years, or more than that, carrying stock in the association. I said 'Yes,' forgetting at the moment that the stock transfer was handed over to me on June 4."

There can be no question under the testimony that Weiner stated to Krakow that Collins was a stockholder. Appellant contends under the authority of Johnston v. Elizabeth B. & L. Asso., 104 Pa. 394, and Erthal v. Glueck, 10 Pa. Superior Ct. 402, in which it was held that in the absence of authority in the secretary of a building and loan association to bind the association by statements as to the amount due upon its mortgages, such statements are not binding. Without disputing the force of these authorities, where applicable, we do not think that they exclude the consideration of the statements in the instant case, in connection with other testimony, to determine the fact of ownership at the time the writ of attachment

was served. Weiner further testified that the stock transfers are never mentioned in the minutes, and the transfer is never taken up with the board. That in this particular instance the matter was not brought to the attention of the board and "It is a transaction between the secretary and the stockholder."

Charles Collins, of defendants, called as for cross-examination, testified that his mother-in-law, Beckie Brodsky, lent him money from time to time and that just before the transfer of the shares to her these advances aggregated about $500. When asked as to the time of the transfer, he first testified that it was June 4, 1930. His further examination indicated that the money was advanced in installments of different amounts at various times between December, 1929, and a portion "a few months" after June, 1930. He further testified that he received a payment of $100 in connection with a settlement agreement entered into with the association after the attachment was made. At the time of the alleged transfer, he testified that he owed her $500, being the amounts he claimed to have received between the dates specified.

Lena Collins, of defendants, testified that the secretary of the building and loan association sent them a letter informing them that the shares were attached.

Appellant contends that the testimony of Charles Collins and Lena Collins in regard to the consideration alleged to have been paid by Beckie Brodsky for the assignment of the shares of stock was not admissible in the absence of any proof that the garnishee had knowledge thereof. The purpose of this testimony was to show the actual date of the transfer of the shares. For that purpose it was admissible.

The minutes of the board of directors of the garnishee association of September, 1930, contained the following: "The holder of Book No. 720, 5 shares of stock, offered the association to buy *his* stock for the

amount due *him* at the October meeting; otherwise, *he intends to sign the stock to someone else.* In considering that there is a substantial profit to be made by the association, it was decided that preference of priority shall be given *him,* and that a check be given *him* at that meeting.'' This appellee contends would seem to indicate that the shares of stock on the books of the garnishee association were in the name of Charles Collins, and not Beckie Brodsky.

Notwithstanding the alleged transfer to Beckie Brodsky on June 4, 1930, no notice of the attachment was given her by the secretary. Beckie Brodsky, although in court, was not called as a witness to corroborate the date of transfer, the important point at issue. In addition, although the stock was subject to a loan of $80 by the association to Charles Collins, it permitted the transfer to Beckie Brodsky without taking a stock-loan note.

Another matter established at the hearing was the fact that Beckie Brodsky was paid out in October, 1930, although fourteen other persons, who gave withdrawal notices prior to the withdrawal notice given on these shares, were not paid until January, 1931. There were other features in the testimony from which inferences favorable to plaintiff might be drawn, but which it is not necessary to discuss at length.

All of the testimony was for the consideration of the trial judge. He had the witnesses before him and was the judge of their credibility. After a careful consideration of the entire testimony we would not be justified in finding that he erred in his conclusions. We think the evidence fully justified the finding that the alleged assignment of the shares of stock was made subsequent to the attachment, and judgment was properly entered for plaintiff.

The assignments of error are overruled and judgment affirmed.