# Simons, Appellant, v. Philadelphia & Reading Railway Company.

*Negligence—Railroads—Automobile—Grade crossing—Collision —Evidence—Stop, look and listen—Contributory negligence—Case for jury.*

1. In an action against a railroad for injuries resulting from a collision between a train and vehicles or persons crossing railroad tracks, direct and positive evidence of witnesses who were in a position to know, to the effect that no signal of the train's approach was given, is negative only in the sense that all testimony as to the non-existence of a fact may be said to be negative in character, but in effect it is positive and is sufficient to establish a prima facie case.

2. Where the testimony offered by the plaintiff makes out a prima facie case by showing the existence of facts from which the inference of negligence arises, the case is necessarily for the jury, notwithstanding that the great preponderance of the testimony is with the defendant. An inference of negligence having once arisen remains until overcome by countervailing proof, and whether it is so overcome is a question for the jury.

3. Where in an action against a railroad company to recover damages for the death of plaintiff's husband who was killed while crossing the defendant's tracks in an automobile on an exceptionally dark night when the atmosphere was extremely heavy because of a dense fog each of three witnesses who were in the car with deceased testified that he looked and listened for an approaching train; that he heard no signal of any kind; and that he was in position to hear the signal if any had been given, and that none was given, the case is for the jury and the trial judge erred in holding that such testimony was merely negative and amounted only to a scintilla, and in entering judgment for the defendant n. o. v.

Argued Feb. 29, 1916.    Appeal, No. 13, Jan. T., 1916, by plaintiff, from judgment of C. P. Montgomery Co., Dec. T., 1914, No. 35, for defendant n. o. v., in case of Minnie G. Simons v. Philadelphia and Reading Railway Company.    Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ.    Reversed.

Trespass to recover damages for the death of plaintiff's husband.   Before MILLER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $14,675 damages and 6 cents costs.   The court subsequently entered judgment for defendant n. o. v.   Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Theodore Lane Bean,* with him *Maxwell Strawbridge,* for appellant.

*Montgomery Evans,* with him *Aaron S. Swartz, Jr., John M. Dettra* and *Samuel H. High,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1916:

The plaintiff's husband met with the injury from which he very shortly thereafter died, in a collision between the automobile in which he and several others were passengers and a railroad train on the defendant company's line.   The accident occurred between eleven and twelve o'clock on the night of 15th October, 1914, at a grade crossing in the Borough of Souderton.   The action was brought by the widow for the recovery of damages.   The statement filed charged as the proximate cause of the accident, the negligent and careless running of the train upon and over the crossing without blowing any whistle or ringing any bell to signal the train's approach.   The trial of the case resulted in a verdict for the plaintiff.   A motion for a new trial and one for judgment non obstante followed.   The former was refused and the latter granted.   Judgment was accordingly entered for the defendant.   The single assignment of error relates to this action by the court.

On the trial of the case but one question of fact was in controversy, namely, did those in charge of the railroad train, in approaching the grade crossing where the accident occurred, give the proper and customary signal by

whistle or otherwise, or did they not?   The testimony was to the effect that the night was exceptionally dark, and the atmosphere exceptionally heavy because of the fog that prevailed.   Three witnesses called by plaintiff testified that they were in company with the plaintiff's husband, occupying the same machine with him when the accident occurred.   Each of these witnesses testified that he looked and listened for an approaching train, that he heard no signal of any kind, that he was in position to hear the signal if any had been given, and each testified positively that none was given.   The learned trial judge in his opinion filed accounts this as merely negative testimony, amounting only to a scintilla, and concludes that therefore it should not have been submitted to the jury.   It was on this ground alone that he directed judgment to be entered non obstante.   We have repeatedly held in cases of this character that testimony of witnesses direct and positive that no signal of a train's approach was given, is negative only in the sense that all testimony as to the non existence of a fact may be said to be negative in character, that in effect it is positive, and that it is sufficient to establish a prima facie case. We need only refer to Buckman v. Philadelphia & Reading Ry. Co., 232 Pa. 351, and the cases cited in the opinion in that case.   In Rauch v. Smedley, 208 Pa. 175, 176, we said,

"Where the testimony offered by the plaintiff makes out a prima facie case by showing the existence of facts from which an inference of negligence arises, the case is necessarily for the jury, notwithstanding that the great preponderance of the testimony is with the defendant. An inference of negligence having once arisen remains until overcome by countervailing proof, and whether it is so overcome is a question for the jury."

Had the defendant offered no evidence at all in the present case it would hardly be contended that plaintiff's evidence was not sufficient to carry the case to the jury. The probative value of that testimony depends on the

credibility of the witnesses and their opportunity of being informed as to that about which they spoke. Both these inquiries were for the jury and not the court.

The assignment of error is sustained; the judgment is reversed, with leave to the court to reinstate the motion for a new trial.