# Commonwealth *v*. Legins, Appellant.

*Criminal law—Murder—Remarks of district attorney as to failure of defendant to produce evidence—Withdrawal of juror—Continuance.*

1. Where, in a murder trial, counsel for defendant indicted for wife murder, stated to the jury that defendant was a hard-working man living peaceably with his wife, and that he had bought a revolver to resist threatened attacks of others, it was not reversible error for the district attorney to comment on the fact that defendant had called no witnessess to establish these facts, and for the trial judge to refuse to withdraw a juror where he carefully charges the jury not to be influenced by such remarks of the district attorney.

*Criminal law—Murder—Self-defense — Charge — Charge as a whole—Particular sentences.*

2. Where, in a murder trial, the charge as a whole contains a fair and proper statement of the law applicable to self-defense, the charge must be construed in its entirety and not by separating particular sentences or paragraphs from the general context.

Argued November 23, 1925. Appeal, No. 344, Jan. T., 1925, by defendant, from judgment of O. & T. Phila. Co., April T., 1924, No. 804, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Thomas Legins. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before LEWIS, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which sentence was passed. Defendant appealed.

*Errors assigned* were rulings and instructions, quoting record.

*Howard R. Detweiler* and *Thomas J. Minnick, Jr.,* for appellant.—It is reversible error on the part of the trial

judge to permit the district attorney, over the objection of the defense, to comment to the jury on the failure of the defense to call witnesses to prove his reputation as to the fact that he was a hard-working man and living peaceably with his wife: Com. v. Weber, 167 Pa. 153.

The charge as to self-defense was erroneous: Com. v. Watson, 233 Pa. 295; Com. v. Herold, 5 Pa. Dist. R. 623; Com. v. McKwayne, 221 Pa. 449; Murray v. Com., 79 Pa. 311; Com. v. Mitchka, 209 Pa. 274.

*Maurice J. Speiser*, Assistant District Attorney, with him *Samuel P. Rotan*, District Attorney, for appellee.

OPINION BY MR. JUSTICE FRAZER, January 4, 1926:

Defendant and his wife were living apart. At 6:30 o'clock on the morning of March 12, 1924, defendant called at the home of his wife's father where she was living and after a short interview with her fired three bullets into her body from a 32 calibre revolver, from the effects of which she died ten days later. He was convicted of murder of the first degree, and from the court's refusal to grant a new trial he has appealed. It is conceded the evidence was sufficient to sustain the verdict and but two questions were argued before us, first, the assistant district attorney's comments before the jury on the failure of defendant to call certain witnesses, and, second, alleged error in the court's charge with respect to the law of self-defense.

The assistant district attorney in the course of his address to the jury stated that substantially, if, as said by defendant's counsel, defendant were a hard-working man and lived peaceably with his wife, and if it were a fact that he had been attacked by third persons and had purchased and carried a revolver in self-defense, as said by defendant's counsel, witnesses would have been produced to prove these facts. A motion to withdraw a juror was made and overruled, the trial judge, however, in the course of his charge, cautioning the jury

to disregard the remarks of the prosecuting officer and directing that they should not permit the failure of defendant to produce other witnesses to influence them in reaching a verdict.  The trial judge plainly instructed on this point, "You are to decide the case on the evidence produced and on the law as stated to you by the court. Do not be influenced in any degree by comments as to what other witnesses might have been produced by defendant.  I give you this caution so that there may be no misunderstanding."

Defendant's counsel concede the general right to comment on failure of a party to produce available evidence but contends that at least part of the subject-matter of the remarks objected to concerns the character and reputation of defendant as a peaceable, law-abiding citizen and that the Commonwealth was not justified in attempting to draw inferences from defendant's failure to produce such evidence, unless defendant first offered testimony of good character which was not done in this case. In the opinion of the court below, dismissing the motion for a new trial, written by the trial judge, it is stated that the remarks of the assistant district attorney were called forth by the argument of defendant's counsel to the jury to the effect that defendant was a hard-working man and had been living peaceably with his wife and had been threatened with attack and purchased for self-defense the revolver with which he later inflicted the fatal wounds on his wife.  As these remarks pro and con do not appear in the record, we must necessarily accept the statement of the trial judge as to what occurred, and we fully agree with his conclusion that the reply made by the assistant district attorney was not entirely uncalled for but was under the circumstances a natural and legitimate argument in answer to the contention of defendant's counsel.  Furthermore, we are of opinion the definite instruction to the jury to disregard the remarks fully safeguarded defendant's rights and removed any ill effect the language might have produced.

The instruction on the law of self-defense of which complaint is made was as follows:

"It is the duty of a person, fearing another, however, to avoid him, and take every reasonable means to keep away from harm which he thinks is threatening him. 'The right to take life does not arise while there are other means of escape. Before going to the extreme of killing an assailant in self-defense, one must reasonably believe that he is in imminent danger of losing his own life, or of suffering serious bodily harm at the hands of the person, the killing of whom is the last resort. If there was any other way, it was the duty of the defendant to take that way, but if there was no other way of escape, he would be justified in taking life in defense of his own.' Hence, if you find from the evidence that there was no other way for him to avoid the danger which he says was threatening him, or to escape from his wife, who he thought was about to draw a razor on him, and if he killed her in resistance of that threatened danger to him, then you would be justified in finding him not guilty."

While a portion of the language quoted standing alone would justify the construction claimed by appellant that the court adopted as a standard to sustain the plea of self-defense actual imminent danger of serious bodily harm or whether there were, in fact, means of escape which defendant could have used, yet when we take the language as a whole, and read it in connection with the further instruction on the same subject which preceded the language complained of, it is clear that the court adopted as a criterion whether defendant had reasonable cause to believe danger existed and from which there was no apparent means of escape.

The charge as a whole was a fair and proper statement of the law applicable to a plea of self-defense and must be construed in its entirety and not by separating particular sentences or paragraphs from the general con-

text: Irvin v. Kutruff, 152 Pa. 609, 612; Com. v. D'Angelo, 29 Pa. Superior Ct. 378, 379.

The judgment is affirmed and the record remitted to the court below for the purpose of execution.