# Mack v. Atlantic City Railroad Company, Appellant.

*Negligence—Railway crossing—Truck—Collision—Evidence—Stop, Look and Listen.*

In an action of trespass to recover damages to a truck resulting from a collision with a freight train at a grade crossing, the negligence alleged was excessive speed and failure to warn. The driver of the truck, plaintiff's only witness, testified that he stopped before driving on the track, but saw no train. He did not testify that he looked for trains while thereafter approaching the track or that no warnings were given. A number of witnesses for the defendant testified that warnings were given by bell and whistle. There was evidence that the train was moving about nine miles an hour, and there was no evidence that such speed was improper in the neighborhood of the crossing. Under such evidence there can be no recovery.

Where the evidence to establish lack of proper care is negative only, it is overcome by the positive evidence to the contrary, though the latter comes from the mouths of defendant's witnesses.

One approaching a railroad is not only required to stop, look and listen, but he is required to continue his observations until the crossing is made.

Argued October 19, 1927. Appeal No. 266, October T., 1927, by defendant from judgment of M. C., Philadelphia County, June T., 1926, No. 30, in the case of R. E. Mack v. Atlantic City Railroad Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover for damages to a truck.  Before KNOWLES and LEWIS, JJ.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1621.98, and judgment thereon.  Defendant appealed.

*Errors assigned,* among others, were the refusal of defendant's motions for judgment non obstante veredicto and a new trial.

*Henry R. Heebner,* and with him *William Clarke Mason,* for appellant.

*Bryan A. Hermes,* and with him *Nathan Griffith* and *Harry L. Rosen,* for appellee.

OPINION BY LINN, J., March 2, 1928:

This suit is for damage to a motor truck struck at a grade crossing by defendant's freight train during a shifting movement on a clear July afternoon.  The negligence alleged was excessive speed and failure to warn.

Taking the evidence most favorably for plaintiff the learned trial judge states that the train was moving from six to nine miles an hour.  The driver of the truck, the only witness for plaintiff who described the collision, testified that he stopped before driving on the track and saw no train, but he did not say that he looked for trains while thereafter approaching the track, or that no warnings were given, or that he did not hear those which a number of witnesses called by defendant testified were given.  If negative testimony that he did not hear the warnings could not control in the face of the positive assertions of warning appearing in the record, as was held in Grimes v. P. R. R., 289 Pa. 320, 324, certainly in the

absence of any testimony whatever to support his averment that no warnings were given, he may not go to the jury on that subject against the evidence of seven other witnesses that warnings were given. The truck never got across the track; it was pushed back on the left side of the train. "The legal rule stated has been frequently recognized and applied in this State, and it has been uniformly held that where the evidence to establish lack of proper care is negative only, it is overcome by the positive evidence to the contrary, though the latter comes from the mouths of defendant's witnesses, and, under such circumstances, the question is not one for the jury to pass upon where the physical facts corroborate their testimony (Anspach v. R. R., 225 Pa. 528; Keiser v. R. R., 212 Pa. 409; Knox v. R. R., 202 Pa. 504; Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14), which simply means that under such circumstances, the negative testimony, being controverted, does not amount to more than a scintilla, and therefore cannot prevail to establish an essential fact," Grimes v. R. R., supra.

The conductor testified that the engineer blew two long and two short blasts of the whistle for this crossing. The engineer testified that he gave that signal about 1200 feet away. The fireman corroborated the engineer and said the engine bell was also ringing. A brakeman who stood on the pilot of the engine, said the whistle was blown for this crossing and the engine bell was rung, (this witness, seeing the automobile drive on the track in front of the train, stepped off the moving train to avoid the collision). Two other brakemen gave evidence of the same signals. In addition to those six witnesses there was a seventh, a constable employed by a contracting company "as a special officer to watch traffic" on Delsea Drive where it crosses the railroad near where the accident occurred; it was his duty "to blow [his] whistle to stop

traffic'' and he testified that the locomotive whistle was blown about two blocks from the place of collision. In view of the omission of the plaintiff to offer any evidence that no signals were given or even that the driver heard none (he was not even asked about locomotive warnings of approaching trains) we must take the evidence that the warnings testified to were given, as ruled in Grimes v. P. R. R., supra.

Whether such railroad operation is negligent depends on all the circumstances involved, and warning and speed must generally be considered together; they are attributes of a single act as against the users of the public highway crossing; Newhard v. P. R. R., 153 Pa. 417, 422; Kelly v. Director General, 274 Pa. 470, 475. There is no evidence that a speed of nine miles an hour was not entirely proper in the neighborhood of the crossing unless we hold that the mere happening of the accident supports the inference of unlawful operation, and that we cannot do.

The driver's contributory negligence is also apparent. He stopped ''close to the track,''—''four or five feet from them ,'' as he says, and made an observation for approaching trains, and ''everything seemed clear''; then he started to cross without again looking for trains until he got on the tracks; the law requires that he must continue his observations: Provost v. Dir. Gen., 265 Pa. 589; Mensch v. Dir. Gen., 274 Pa. 356.

Judgment reversed and here entered for defendant.