Keystone Lead Company, a Corporation, *v.* M. J. Frechie, Appellant.

Argued October 9, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Louis Wagner,* and with him *Richard A. Smith,* for appellant.

*Victor H. Blanc,* for appellee.

OPINION BY KELLER, J., November 21, 1928:

Action in trespass for damages to automobile in collision with another automobile at intersecting streets.

The jury found for the plaintiff. Hence in passing on this appeal we must consider the evidence in the

case on both sides, and the inferences to be drawn therefrom, in the light most favorable to the plaintiff. Doing so, we think the case was for the jury.

Plaintiff's driver was coming south on York Road, approaching Roosevelt Boulevard. Roosevelt Boulevard at this point is divided into three drives separated by grass plots. At the intersection with York Road, the north drive is called Cayuga Street, then comes a grass plot 15 feet wide; then the middle drive, twenty or twenty-two feet wide; then another grass plot; and then the south drive. As he came to the north drive, or Cayuga Street, he stopped to let a car go by westward, then traveling in second gear he crossed Cayuga Street, and when the front of his car was at the north curb line of the middle drive, looked in both directions and saw defendant's car approaching from the west, on the middle drive, about 80 to 100 feet away. Still traveling in second gear, at about 15 miles an hour, he proceeded to cross the middle drive and when he was nearly across, and his front wheels were on a line with the south curb line, was struck in the right rear by defendant's car traveling rapidly eastward. Plaintiff's driver did not state how fast defendant was traveling. A disinterested witness called by the plaintiff fixed the speed at forty or forty-five miles an hour. The defendant and his father said they were traveling about fifteen miles an hour. It was late at night and difficult, in consequence, to judge of the speed of an approaching car visible only by its lights. Its speed was not so apparent to plaintiff's driver as to require the court to hold as a matter of law that he was guilty of contributory negligence in attempting to cross a street twenty or twenty-two feet wide in front of a car eighty to a hundred feet away; and when once committed to the crossing, he could not be held negligent as a matter of law for proceeding ahead. To stop in the middle of the drive

would have resulted in certain injury. The defendant's negligence and the plaintiff's contributory negligence were questions of fact for the jury.

Appellant's only complaint is the court's refusal to give binding instructions in his favor or enter judgment for him non obstante veredicto.

The assignments of error are overruled and the judgment is affirmed.