Finch *v.* Horn & Hardart Baking Company, Appellant.

Argued November 22, 1928.

Before HENDERSON, TREXLER, KEL-
LER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Francis Rawle,* and with him *Joseph W. Henderson,* for appellant.

*Edgar W. Lank,* for appellee.

OPINION BY KELLER, J., December 13, 1928:

Plaintiff was struck and injured by a revolving door while entering defendant's restaurant. The person responsible for the accident was an employee of defendant, who was coming out of the door just as plaintiff was going in, but who suddenly retraced his steps and went back into the room the way he had come, causing the door to revolve backward and strike the plaintiff throwing him onto the floor of the restaurant.

The errors assigned are to the refusal of the court below (1) to give binding instructions for the defendant; (2) to enter judgment for the defendant non obstante veredicto.

Appellant's chief contention is that it was physically impossible for the plaintiff to be thrown onto

the floor of the restaurant by a backward revolution of the door; that such a blow would throw him out into the street. But this by no means follows. It would depend very much on where he was at the time the revolving door hit him. If he had nearly completed his entrance a reverse revolution of the door might very easily strike him a side blow which would cause him to fall in the restaurant. The plaintiff's testimony was that he was struck on the left leg below the knee. Such a blow coming sidewise might cause a person to fall outside the perimeter of the door's motion and inside the room. What we said in Donovan v. Peoples Natural Gas Co., 84 Pa. Superior Ct. 51, 53, where a somewhat similar claim was made is peculiarly applicable: "Whatever may be the operation of physical laws as related to inanimate objects, we think it clear that the manner in which a person may fall ...... is not a matter of common knowledge nor subject to the invariable operation of gravitation. The size of the person, the rapidity of movement, and the effort to maintain one's equilibrium, are factors likely to produce unexpected results."

Appellant also contends that the plaintiff did not prove that the colored man who came back into the room by reversing the movement of the door was defendant's employee. Plaintiff did testify that this man had been cleaning the door, wiping off finger marks from the glass or polishing the brass. But whether this sufficiently identified him as an employee or not, the defendant's own evidence established that he was in its employ. In considering whether or not binding instructions should have been given for a defendant, or judgment non obstante veredicto entered in his favor, *all* the evidence and inferences therefrom favorable to plaintiff must be taken as true and all unfavorable to him, if depending solely on testimony, must be rejected: Dunbar v. Preston, 285 Pa. 502. 'All the evidence favorable to plaintiff' includes the evidence on

both sides favorable to him (Keystone Lead Co. v. Frechie, 94 Pa. Superior Ct. 395, and not merely that adduced by the plaintiff, as contended by appellant. The case of Lonzer v. Lehigh Valley Railroad Co., 196 Pa. 610 does not apply here. The testimony of defendant's witnesses was at variance with that of the plaintiff and raised an issue of fact which was for the jury.

The judgment is affirmed.