Jones *v.* B. & O. R. R. Co. et al., Appellants.

Argued November 22, 1932.

Before Trexler, P.
J., Keller, Gawthrop, Cunningham, Baldrige, Stadt-
feld and Parker, JJ.

*Kingsley Montgomery*, for appellants.

*John E. McDonough*, and with him *R. Paul Lessy*
and *M. S. Reps*, for appellee.

Opinion by Keller, J., March 3, 1933:

The statement of questions involved, to which under
our rules our review on this appeal is limited, raises
only one question, and that is whether the defendant
was entitled to a new trial because the verdict for
the plaintiff was in excess of the amount which the
evidence justified. Our decision is confined to this
one point and must not be construed as passing upon
any of the other questions raised in the court below.

The action was in trespass for (1) illegal distress
and (2) excessive distress. The property levied upon
consisted of buildings belonging to the plaintiff, which
had been erected on the defendant railroad company's
land and were to be removed at the termination of the
lease or license. They were to be regarded as per-
sonal property, and were so distrained upon by the
landlord for rent in arrears.

The court instructed the jury that the measure of damages was the value of the materials in the buildings, after they were taken down, less the cost of taking them down and removing them from the premises, and restoring the ground to its former condition. The defendant does not claim that these instructions were wrong, but asserts that because certain of plaintiff's witnesses, testifying to different items, fixed $1,500 as the value of the materials and $1,000 as the cost of taking down the buildings, $150 as the cost of digging out the foundation stones and $37 as the expense of hauling away the materials, that the verdict cannot stand for more than $313. But this does not follow. The defendant did not rest satisfied with the plaintiff's evidence but offered testimony on its own behalf. One of its witnesses testified that the buildings could be taken down for $200, or $800 less than the figure of the witness for the plaintiff relied on by appellant. In passing upon the question whether a verdict is sustained by the evidence, all the evidence—on both sides—supporting it must be considered; just as in passing on a motion for judgment non obstante veredicto the rule that the evidence must be viewed in the light most favorable to the party who obtained the verdict, is not limited to the evidence on his side, but embraces the evidence favorable to him on both sides: Finch v. Horn & Hardart Baking Co., 94 Pa. Superior Ct. 599; Keystone Lead Co. v. Frechie, 94 Pa. Superior Ct. 395; Rossheim v. Bornot, 310 Pa. 154. If the jury believed that the value of the materials in the buildings was substantially that fixed by plaintiff's witnesses, or any of them, and that the cost of taking down the buildings was substantially that testified to by defendant's witness, they had a right so to find, and render their verdict accordingly; and as long as the court below is satisfied that such a verdict is not clearly against the

weight of the evidence, and there is evidence to support it, this court will not generally interfere.

The court, on the plaintiff's remitting all of the verdict in excess of $1,000, refused a new trial. As we have shown there is evidence to support the verdict so reduced. We are not convinced that the court below was guilty of any abuse of discretion in refusing a new trial on the ground presented, and therefore,

The judgment is affirmed.