Opinion by
 

 Baldrige, J.,
 

 The colliding of two automobiles at intersecting streets was followed by an action of trespass which resulted in a verdict for the plaintiff.
 

 On May 21, 1939, about 5:30 p.m. when the weather was clear and the streets dry, the plaintiff was driving his car at a rate of 25 to 30 miles per hour west on Wynnefield Avenue a “through street” 40 feet wide from curb to curb. When he was about 15 feet east of the intersection he observed the defendant’s car going north on 57th Street, 51 feet 4 inches wide between curbs, at a point about 15 to 20 feet south of a stop sign, which was located 15 feet south of the south curb line. He estimated the speed of defendant’s car at that time as not less than 35 miles per hour and when that car came to the intersection it did not stop. The plaintiff, who had knowledge of the stop sign, thinking defendant’s car would obey the sign proceeded across 57th Street. The two cars collided within the intersection
 
 *184
 
 at a point 15 feet 6 inches west of the east curb line of 57th Street and 11 feet 8 inches south of the north curb line of Wynnefield Avenue.
 

 The defendant did not testify but he called Francis L. Van Dusen, Esq., who stated that at the time of the accident he was driving his automobile south on 57th Street and had brought it to a stop just north of the intersection. He saw defendant’s car approaching in the opposite direction on the other side of the intersection and approximated its speed when coming across the south curb line of Wynnefield Avenue at 15 miles per hour.
 

 To arrive at the point of the impact the defendant traveled from the time the plaintiff first saw his automobile a distance of 69 feet 4 inches, while the plaintiff went 30 feet 6 inches. Defendant’s negligence is conceded.
 

 The question before us is whether in the circumstances we have detailed, the court should have declared as a matter of law that the plaintiff was guilty of contributory negligence.
 

 It was the duty of the court in passing upon that question to consider not only the evidence adduced by the plaintiff, but all the evidence in the case favorable to him:
 
 Finch v. Horn & Hardart Baking Company,
 
 94 Pa. Superior Ct. 599. The testimony would warrant the conclusion that at the time the defendant was about to enter the intersection he was traveling at a speed of but 15 miles per hour. The plaintiff, as he was operating his car on a through highway, and, as the evidence indicated, had reached the intersection first and was on the right of defendant’s approaching car on a street where there was a stop sign, had the right to act upon the assumption that the defendant would obey the rules of the road and the mandatory provisions of the Act of May 1,1929, P. L. 905, Article X, §1016, as amended, 75 PS §591 (b). Article X, §1014, as amended by the Act
 
 *185
 
 of June 22,1931, P. L. 751, §2, 75 PS §573 (c) provides, that a driver of a vehicle entering a through highway or stop intersection shall yield the right of way to all vehicles approaching in either direction on such through highway.
 

 We think this case is governed by
 
 Dudenhoefer et al. v. Williams,
 
 127 Pa. Superior Ct. 166, 193 A. 77;
 
 Roth et al. v. Hurd,
 
 140 Pa. Superior Ct. 401, 13 A. 2d 891, and
 
 Steingart v. Kaney,
 
 144 Pa. Superior Ct. 534, 19 A. 2d 499, wherein the principles here involved are fully discussed. It is unnecessary for us to repeat them.
 

 Judgment of the court below is affirmed.