Taylor, Appellant, *v.* Reading Company.

Argued March 13, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Walter H. Compton* and *George Kunkel,* for appellant.

*John T. Brady,* for appellee.

OPINION BY HIRT, J., July 23, 1942:

Plaintiff's appeal questions the propriety of the entry of judgment for defendant company notwithstanding a verdict in his favor.

The controlling question is whether the evidence convicts plaintiff of contributory negligence barring his recovery. If his negligence so clearly appears 'that fair and reasonable individuals could not disagree as to its existence . . . . . . it may be declared judicially.' *Altomari v. Kruger et al.,* 325 Pa. 235, 188 A. 828. In passing upon that question, it is our duty to consider not only the evidence adduced by the plaintiff, but 'all the evidence and inferences therefrom, favorable to plaintiff, must be taken as true, and all unfavorable to him, if depending on testimony, must be rejected': *Dunbar v. Preston et al.,* 285 Pa. 502, 132 A. 707. Plaintiff is entitled to the benefit of the testimony on both sides of the case, if favorable to him.. *Keystone Lead Co. v. Frechie,* 94 Pa. Superior Ct. 395; *Finch v. H. & H. Baking Co.,* 94 Pa. Superior Ct. 599. 'On the other hand, all of the testimony which is contradicted by clearly proved and incontrovertible physical facts must be rejected *(Cubitt v. New York Central R. R. Co.,* 278 Pa. 366; *Hill v. P. R. T. Co.,* 271 Pa. 233), since such physical facts cannot possibly be erroneous'. *Hawk et ux. v. Pennsylvania R. R.,* 307 Pa. 214, 160 A. 862.

Thus considering the testimony from plaintiff's viewpoint, the following facts appear: Carlisle Road, a

public highway, crosses defendant's single track branch line at grade. In the early evening of January 12, 1940 plaintiff was driving his automobile northeasterly along the highway in the direction of the crossing. The angle between the highway and the railroad, to plaintiff's right, was about 135 degrees. He lived in the neighborhood and was familiar with the crossing. When he was about 600 feet away, he heard a locomotive whistle and saw a light on the railroad to his right which he recognized as coming from the open fire box of the locomotive. The train, when plaintiff observed it, was on somewhat higher ground, south of the crossing and was then moving slowly. He proceeded but 'saw no more lights after that' and stopped at a stop-look-and-listen sign, 134 feet from the crossing. When he stopped he 'could hear the train down below there' but nevertheless proceeded in second gear at a speed of 15 miles an hour on to the track, without again stopping, and the automobile was struck almost immediately with the front wheels in the middle of the track. The train was made up of a passenger car, a stock car and a caboose; it was pushed northwardly over the crossing by the locomotive at the south end of the train. The automobile was struck by the end of the caboose as the train backed on to the crossing.

Plaintiff testified that after he left the stop sign he was 'watching and listening all the time' but saw and heard nothing. He was in position both to see whatever was visible and to hear, and his testimony cannot be regarded as negative merely; it was positive in quality and sufficiently definite to take the case out of the negative testimony rule applicable to railroad crossing accidents. *Anspach v. Phila., Etc., Ry. Co.,* 225 Pa. 528, 74 A. 373; *Engleka v. B. & O. R. R. Co.,* 136 Pa. Superior Ct. 388, 7 A. 2d 734. The statement of a witness, though negative in form, may be positive proof of the non-existence of a thing or of an occur-

rence. *Simons v. Phila. & R. Ry. Co.*, 254 Pa. 507, 98 A. 1080.

It was open country in the neighborhood of the crossing and under favorable light conditions, at the point where plaintiff stopped, one could see for a distance of 400 feet down the track in the direction from which the train was approaching. Plaintiff testified that 'It was reasonably dark and a little bit foggy—a little bit, not bad.' Plaintiff's headlights, because of the angle of the intersection, must have shown down the track to some extent giving him notice of the approaching train if on the alert. But it was after 7 P.M. on a winter evening and assuming that whether, under the circumstances, he should have seen the train, was a question for the jury, his failure to heed the noise of the approaching train clearly convicts him of contributory negligence. The duty to listen is not less than the duty to look. *Petruskewicz v. Reading Company*, 318 Pa. 585, 179 A. 428. In *Matesky v. Lehigh Val. R. R. Co.*, 312 Pa. 233, 167 A. 306, it is said: 'It is not only the duty of a person about to cross a railroad to listen and look when he has stopped, but to continue to do so until he has safely passed beyond the tracks, "the duty of constantly and carefully listening being as imperative as that of constantly and carefully looking": *Kolich v. Monongahela Ry. Co.*, 303 Pa. 463, 467.'

Plaintiff knew there was a moving train in the neighborhood and he had no difficulty in hearing it while his engine was idling when he same to a stop 134 feet from the crossing. If as he proceeded he was unable to hear the approaching train above the noise of his automobile he is not excused; the moving train must have become more clearly audible as he neared it. It was his duty to do whatever was necessary to put himself in position to hear for perfunctory compliance with the rule is not sufficient. *McCartney v. Penn-*

*sylvania R. R. Co.*, 307 Pa. 226, 161 A. 63. If he had stopped again near the railroad he would have heard the train, if he had listened. Cf. *E. A. Bream Co. v. B. & O. R. R. Co.*, 149 Pa. Superior Ct. 164, 27 A. 2d 898. Instead, he gave no heed to an imminent danger of which he had timely warning. In the Petruskewicz case, supra, the Supreme Court said: 'Since no reason appears why decedent could not, if he had listened, have heard what the uncontroverted physical facts indicate was no doubt plainly audible, it cannot be assumed that he did listen.' One who does not put himself in position to hear, is no better off than if he had not listened. Where the accident occurs so immediately after a plaintiff's entrance on the crossing that it clearly was physically impossible for him to have listened and not heard the train approaching nearby, there can be no recovery. *Bernstein v. Penna. R. R. Co.*, 252 Pa. 581, 97 A. 933; *Mensch v. Director Gen. of R. R.*, 274 Pa. 356, 118 A. 251; *Mills v. Penna. R. R.*, 284 Pa. 605, 131 A. 494; *McCartney v. Pennsylvania R. R. Co.*, supra; *Hawk et ux. v. Pennsylvania R. R.*, supra.

Judgment affirmed.