Herchelroth et al. *v.* Jaffe, Appellant.

Argued December 9, 1943.   Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*George S. Pressman,* for appellant.

*G. Levering Arnhold,* with him *Edwin C. Levin,* for appellee.

OPINION BY KELLER, P. J., January 27, 1944:

The evidence in this case, while not overwhelming, was sufficient, in our opinion, to support a finding by the jury that the defendant had been negligent in turning sharply from Baltimore Avenue into 50th Street,

without *sufficiently* slackening his speed to avoid striking and knocking down Dr. John G. Herchelroth, a man 73 years old, who was walking from the northwest corner of the intersection to the northeast corner, in the portion of the street specially marked for the crossing of pedestrians, causing him injuries from which he died.

The accident occurred between 8:30 and 9:00 o'clock in the evening of October 27, 1939, a rainy night. There was an arc light at the northeast corner of the intersection.

Fiftieth Street runs north and south. Baltimore Avenue runs diagonally, slightly northeasterly and southwesterly, and intersects 50th Street, just south of Catharine Street, which runs east and west and ends at the junction of 49th Street and Baltimore Avenue.

The defendant was driving northeastwardly on Baltimore Avenue at a speed of twenty to twenty-five miles an hour. That was not an excessive rate of speed if he had continued on that street. But when he arrived at 50th Street he turned sharply to his left—the north—and while he may have intended to slacken his speed at the turn, he did not do so sufficiently to avoid hitting Dr. Herchelroth, who was nearly halfway across 50th Street, and should have been seen by defendant in time to avoid the fatal accident, if he had been watchful and had his car under proper control: *Michener v. Lewis,* 314 Pa. 156, 159, 160, 170 A. 272; *Goodall v. Hess,* 315 Pa. 289, 292, 172 A. 693; *Gilles v. Leas,* 282 Pa. 318, 321, 127 A. 774; *Anderson v. Wood,* 264 Pa. 98, 101, 107 A. 658.

The principle applicable here is that in considering a motion by defendant for judgment non obstante veredicto all the evidence and inferences therefrom favorable to the plaintiff must be taken as true and all unfavorable to him, if depending solely on testimony, must be rejected; and "all the evidence favorable" to plaintiff

includes the *evidence on both sides* that is favorable to him: *Finch v. Horn & Hardart Baking Co.*, 94 Pa. Superior Ct. 599; *Keystone Lead Co. v. Frechie*, 94 Pa. Superior Ct. 395; and not merely that adduced by the plaintiff: *Jones v. B. & O. R. R. Co.*, 108 Pa. Superior Ct. 404, 406, 165 A. 260; *Glennon v. Ostroff*, 147 Pa. Superior Ct. 182, 184, 24 A. 2d 29; *Taylor v. Reading Co.*, 149 Pa. Superior Ct. 171, 172, 27 A. 2d 901. This does not mean that *all* of the appellant's testimony is to be considered on such a motion, but only, as expressed by Judge Rhodes in *Dixon v. Metropolitan Life Ins. Co.*, 136 Pa. Superior Ct. 573, 579, 7 A. 2d 549: "If there was anything helpful to appellee in the evidence produced by the appellant, the former was entitled to the benefit of it"—that is, to the benefit of so much as was *helpful to appellee.*

Defendant's own witnesses testified that he was traveling at a speed of twenty to twenty-five miles an hour on Baltimore Avenue. It further appeared that immediately after the defendant turned north into 50th Street, the sharp screech of his brakes showed his attempt to make a sudden stop, just before he hit plaintiff's decedent. The strident screech of the brakes, following immediately after the turn into 50th Street, was, of itself, a matter for the consideration of the jury, as bearing on his speed in making the turn.

The case is similar in its facts to *Rosenthal v. Phila. Phonograph Co.*, 274 Pa. 236, 237, 117 A. 790; *Pensak v. Peerless Oil Co.*, 311 Pa. 207, 209, 166 A. 792; *Wilinsky v. Fulton (No. 1)*, 79 Pa. Superior Ct. 144, 147; and *Mantia v. Pearlman*, 91 Pa. Superior Ct. 478, 481, in all of which the injury was caused by an automobile turning rapidly into a street and hitting a pedestrian who was crossing the street; and recovery was allowed in every case.

The assignments of error are overruled and the judgment is affirmed.