## Holland, Appellant, *v*. Kohn.

Argued April 11, 1944.   Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*George J. Biebel,* with him *Barber & Sennett,* for appellant.

*A. Grant Walker,* with him *Gunnison, Fish, Gifford & Chapin,* for appellee.

OPINION BY KELLER, P. J., July 15, 1944:

The only question involved in this appeal is whether the plaintiff's contributory negligence was so clearly established by the evidence in the record as to justify the court below in deciding it as matter of law and entering judgment for the defendant notwithstanding the verdict in plaintiff's favor.

The governing rule was laid down by the Supreme Court in *Altomari v. Kruger,* 325 Pa. 235, 240, 188 A. 828, 831 (1937), where the present Chief Justice, speaking for the court, said that contributory negligence can be declared *judicially,* as *matter of law,* only in those cases where it is so clearly revealed in the evidence that fair and reasonable individuals could not disagree as to its existence. Governed by that standard, the judgment below will have to be reversed and entered for the plaintiff on the verdict.

The action was in trespass to recover the damage to plaintiff's one-half ton panel truck in a right angle collision with defendant's automobile, negligently driven by her. As the verdict was in the plaintiff's favor, the evidence must be considered in the light most favorable to him, and all the inferences therefrom favorable to him must be taken as true, and all unfavorable to him, if depending on testimony, must be rejected. And this does not mean only the evidence adduced by him (*Jones v. B. & O. R. R. Co.,* 108 Pa. Superior Ct. 404, 406, 165 A. 260; *Glennon v. Ostroff,* 147 Pa. Superior Ct. 182, 184, 24 A. 2d 29). He is entitled to the benefit of the *testimony favorable to him on both sides,* not merely his own: *Keystone Lead Co. v. Frechie,* 94 Pa. Superior Ct. 395; *Finch v. Horn & Hardart Baking Co.,* 94 Pa. Superior Ct. 599; *Taylor v. Reading Co.,* 149 Pa. Superior Ct. 171, 172, 27 A. 2d 901; *Dixon v. Metropolitan Life Ins. Co.,* 136 Pa. Superior Ct. 573, 579, 7 A. 2d 549; *Herchelroth v. Jaffe,* 154 Pa. Superior Ct. 54, 55, 56, 35 A. 2d 594. This was the initial error committed by the court below, for its opinion was based solely on the testimony adduced by the plaintiff—"his own version"—without giving him the benefit of the testimony favorable to him given by the defendant and her witness. The practice of the court below is proper in passing on motions to strike off a non-suit entered by the court; it is not proper where defendant

offers testimony and some of it is favorable to plaintiff's case.

The collision occurred at the intersection of State Street and 36th Street, in the City of Erie. State Street is an improved public highway running north and south. At its intersection with 36th Street it is 70 feet wide between curbs, but between intersecting streets there is a grass plot 10 feet wide in the middle of the street, leaving two traffic lanes, each 30 feet wide, the western being for south bound traffic and the eastern for north bound traffic. 36th Street runs east and west and is 30 feet wide between curbs. The streets intersect at right angles and there were no buildings at the northeast corner to obstruct either party's view.

Plaintiff was traveling west on 36th Street, at a rate of 15 to 20 miles an hour. When he got about 15 feet from the east curb line of State Street, he looked south, to his left, to see if any traffic was coming north, for traffic would come first in that lane. There was none. Then he looked north, to his right, and saw a car coming southward, traveling in the western half of the street, about 200 feet away. Feeling, he said, that he could safely get across he went ahead, and when he got to what he called 'the island', that is, the part of the intersection of the two streets between the grass plots on State Street, he looked again to his right, north, and saw the approaching car 75 or 80 feet away. He had slowed up slightly but was still going about 15 miles an hour, and feeling that he had time to get across safely he went ahead and was almost across—his front wheels were in line with the west curb of State Street— when he was hit by defendant's automobile, driven by her, who testified she never saw plaintiff or his truck until the collision.

The lower court based its action largely on plaintiff's testimony that when he first saw defendant's car 200 feet away it was traveling at the rate of 40 to 50 miles

an hour; and when he saw it 75 or 80 feet away—when he was at the middle of the intersection—it had slowed down somewhat, but was traveling 35 to 40 miles an hour. But the plaintiff, when asked on cross-examination if he was "pretty sure" that his "estimate" of 40 to 50 miles an hour was correct, testified, "No, you can't really be too sure of [the] speed when a person is 200 feet away." It was only an *estimate* made of the speed of a car coming towards him, which is always difficult to gauge correctly (*Mulheirn v. Brown,* 322 Pa. 171, 173, 185 A. 304; *Anderson v. Perta,* 138 Pa. Superior Ct. 321, 323, 10 A. 2d 898; *Cardarelli v. Simon,* 149 Pa. Superior Ct. 364, 369, 27 A. 2d 250), and is not to be held to *conclude* him as the statement of a fact—and certainly not an incontrovertible physical fact upon which calculations of the distance in feet per second, or the fractional parts of seconds of elapsed time, can be worked out by a court. Incontrovertible physical facts can never be established by oral evidence as to position, speed, etc. of movable objects: *Hostetler v. Kniseley,* 322 Pa. 248, 185 A. 300.

The defendant testified that she was traveling 20 to 25 miles an hour when she was 200 feet north of the intersection, and 20 to 23 miles an hour when she was 75 to 80 feet from the intersection. She agreed with plaintiff that she had slowed down somewhat as she neared the intersection. Miss Koen, a witness for defendant, testified that when she first saw defendant's car about 75 feet north of the intersection, it was traveling at 25 miles an hour. The jury had a right to accept defendant's testimony of 20 to 25 miles an hour as the correct rate of her speed, rather than plaintiff's estimate of 40 to 50 miles an hour. *Robinson v. Ondack,* 151 Pa. Superior Ct. 45, 48, 29 A. 2d 366.

The court did not hold plaintiff guilty of contributory negligence because he entered the intersection when he saw defendant's automobile 200 feet away, but because

he proceeded into the south bound traffic lanes when he saw defendant's car only 75 to 80 feet away. But defendant admittedly was going more slowly *then* than when 200 feet away from the intersection, and plaintiff cannot be held negligent as *matter of law* because he expected her to slow down sufficiently within 75 or 80 feet, to enable him safely to cross the 30 feet of roadway remaining, or, in any event, to pass behind him in the 30 feet of south bound roadway. The cases cited by Chief Justice MAXEY on p. 239 of *Altomari v. Kruger,* supra, support plaintiff's contention that he cannot be held chargeable with knowledge that a collision was inevitable if he continued on his way. "If it appeared to him that his car would reach the intersection first, as he said it so appeared and did, he had a right to assume that the defendant, even though going at the rate of thirty or thirty-five miles an hour, would recognize plaintiff's superior right [1] to the intersection and control the car as a considerate driver would under the circumstances, i. e., apply the brakes and slacken his speed. ...... If defendant actually slackened his car's speed as it neared the square [that is, the intersection] that fact would, if observed by the plaintiff, have a tendency to assure him that the defendant was going to stop, or at least that he had his car under control." *Adams v. Gardiner,* 306 Pa. 576, 581, 582 & 584, 160 A. 589. And the following excerpt from the opinion in *Altomari v. Kruger,* supra, is an answer to another position taken by defendant's counsel here: "According to plaintiff's testimony, when defendant's truck was in front of the grocery store, about 40 or 45 feet north of the intersection plaintiff was 'about half way across at the time'. Plaintiff said: 'I took my eye off of him [the defendant] for an instant to put

---

[1] See sec. 1013(b) of the Vehicle Code, as amended by Act of June 29, 1937, P. L. 2329, 75 PS 572(b); *Sweet v. Rounds,* 349 Pa. 152, 155, 36 A. 2d 815.

more gas on to get out of his road and he just swung to the left of him' (i. e., to the east side of the intersection). We think that plaintiff was justified in proceeding on the assumption, after considering the relation of the two cars at that time to the intersection, that defendant's driver would slow down or at least veer to his, i. e., defendant's driver's right [in our case, to defendant's left]. We see nothing in plaintiff's conduct after he had 'eased out' into the middle of the street that would justify declaring him guilty of negligence as a matter of law. Under the circumstances of this case, the question of contributory negligence was for the jury."

After the plaintiff was committed to the crossing, he could not keep his eyes glued on the defendant's car. He had to be observant also of possible pedestrians on the west side of State Street crossing 36th Street.

Nor is there any merit in defendant's contention that the presence of a ten foot grass plot in the middle of State Street—except at street intersections—converted that highway into two streets. The grass plot is only an ornamental means of making sure that vehicles traveling in one direction on State Street shall not get over or encroach on the portion of the street set apart for travel in the other direction.

The testimony of the plaintiff as to the distance within which he could stop his truck was likewise only an estimate, not an incontrovertible physical fact, on which to base a finding of contributory negligence as matter of law. Counsel for appellee assumed the length of the truck to be ten feet. There was no accurate measurement of it. We have, in another case, referred to the impropriety of basing judgments n. o. v., because of contributory negligence, on guesses or estimates of plaintiffs as to the distances within which they could stop their cars. See *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 163-4, 30 A. 2d 172, where we gave the

distances within which a scientific test showed a car equipped with two-wheel brakes or four-wheel brakes, could be stopped on an extra smooth road, an average road, or an extra rough road. We there said, "The *guesses* of uninformed drivers as to the distances within which they can stop a car are of no value whatever."

Certainly, nothing testified to by the plaintiff by way of such estimate is such a fact as will justify a court in setting aside a verdict in his favor, which has reasonable basis of support in the evidence, considered in the light most favorable to him.

In our opinion, the evidence, so considered, does not so clearly establish the contributory negligence of the plaintiff that fair and reasonable men could not disagree as to its existence. It was a question for the jury and their decision of the matter should not have been set aside by the court.

Judgment reversed, and the record is ordered remitted to the court below with direction to enter judgment for the plaintiff on the verdict, upon payment of the jury fee.