MARCIA SHERR, Plaintiff, v. VERNON O. EAST and BARRY KUTCHINSKY, Defendants.

ALAN SHEER, Plaintiff, v. VERNON O. EAST and BARRY KUTCHINSKY, Defendants.

(*January* 23, 1950.)

Wolcott, J., sitting.

*Clement C. Wood* (of Hering, Morris, James and Hitchens) for plaintiffs.

*Albert L. Simon* for defendant, Vernon O. East.

*William Prickett* for defendant, Barry Kutchinsky.

Superior Court for New Castle County, Nos. 385 and 386, Civil Action, 1949.

WOLCOTT, Judge .

The motion to strike raises one point only for decision, viz., whether or not at the point of collision the existence of a crossover between the north and southbound lanes of the dual highway constitutes an intersection of highways within the meaning of paragraph 5630 (c), Revised Code of Delaware, 1935.

Section 5630 (c) provides in pertinent part as follows : "(c) The driver of a vehicle shall not overtake and pass any other vehicle * * * at any intersection of highways * * ."

The phrase "intersection of highways" necessarily implies that there can be no intersection unless two or more "highways" join or intersect at the point in question. Accordingly, the question narrows itself to an inquiry as to whether or not the north and southbound lanes of a dual highway shall be considered as separate highways so that a crossing link between them only will create an intersection of highways within the meaning of the act. An intersection could be thus created if the two lanes of the dual highway were separate highways and if the crossover itself were still a third highway.

To constitute an intersection of highways, it is not necessary that the highways cross one another. It is sufficient if the

highways meet at a point even though one of the meeting highways may end at the point of intersection. See *Murphy* v. *Philadelphia Rapid Transit Co.,* 285 *Pa.* 99, 132 *A.* 194; *Clarkson* v. *Ley,* 106 *N. J. L.* 380, 148 *A.* 745.

46 Delaware Laws, Chapter 197, in effect defines a dual highway within the State of Delaware as a multiple lane highway divided by a curb, central dividing parkway, grass plot or other separation, and makes it unlawful for the operator of any vehicle to make a left turn on any dual highway "except, at designated crossovers constructed by the State Highway Department."

■ This statutory definition of a dual highway leaves little doubt in my mind that the Legislature intended that a highway separated into two lanes by a division of the type designated should be but one "highway" as that word is used in the Motor Vehicle Code, and that the crossovers used to go from one lane to the other are part and parcel of that highway. This conclusion is strengthened by the language of the court in *Holland* v. *Cohn,* 155 *Pa. Super.* 95, 38 *A.* 2d 500.

The conclusion that Route 13 between Wilmington and Dover is one highway finds additional support in the fact that it has been held that the junction of the two lanes of the dual highway with a single highway creates only one intersection. *City of Cincinnati v. Peacock,* 72 *Ohio App.* 321, 51 *N. E.* 2d 906; *Blanton* et al. v. *Curry,* 20 *Cal.* 2d 793, 129 *P.* 2d 1.

■ The dual highway being but a single highway, it follows that a crossover which commences at one lane and proceeds through the grass plot to end at the other lane is nothing more than an integral part of the dual highway itself, and is not a highway which would satisfy the requirement of plurality of Section 5630 (c). Of course, an entirely different situation results where the crossover is an extension of another highway which crosses over or

joins the dual highway. In that instance, there would in fact be an "intersection of highways" but that is not the case at bar.

Accordingly, since no other public highway joined or crossed Route 13 at the point of collision, the statute prohibiting the overtaking and passing of a vehicle while approaching an intersection is inapplicable to the instant case and paragraph 2 (h) of the complaints will be struck.