Grippo, Appellant, *v*. Pennsylvania Truck
Lines, Inc.

2

Argued September 29, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Silvestri Silvestri,* for appellant.

*James F. Manley,* with him *James J. Burns, Jr.,* and *Burns and Manley,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, December 1, 1960:

The appellant, Mrs. Margaret Grippo, instituted this trespass action[1] for personal injuries she sustained when an automobile in which she was a passenger was allegedly struck from behind by a truck owned by the appellee, Pennsylvania Truck Lines, Inc., and operated in the course of his employment by Wilbur Knipple. The Truck Lines contended that the collision occurred when the vehicle in which Mrs. Grippo was a passenger drifted back down-grade and struck its truck, and accordingly joined the driver of the car in which Mrs. Grippo was a passenger, William Marciano, as an ad-

---

[1] Suit was originally instituted by Mrs. Grippo and Frank Grippo, her husband. The latter died shortly before trial and no substituted plaintiff being requested, the case proceeded on Mrs. Grippo's claim alone.

ditional defendant.[2]  The jury returned a verdict of $1000 in favor of Mrs. Grippo and against the additional defendant, Marciano, and in favor of the original defendant, Pennsylvania Truck Lines. Appellant's motion for a new trial was refused, and from the judgment entered for the Truck Lines, Mrs. Grippo has appealed.

The only question on this appeal is whether the court below abused its discretion in refusing the motion for a new trial based on the ground that the verdict was capricious and against the weight of the evidence.

To resolve this question we consider *all* the evidence and assess its weight to determine whether the court below in refusing a new trial abused its discretion: *Exner et ux. v. Gangwere,* 397 Pa. 58, 60, 152 A. 2d 458; *Jemison v. Pfeifer,* 397 Pa. 81, 92, 152 A. 2d 697; *Kiser v. Schlosser,* 389 Pa. 131, 132, 132 A. 2d 344.

The collision occurred on the approach of a grade on highway Route 30, in North Versailles Township, Allegheny County, at about 12:50 a.m., on December 30, 1951. Both vehicles were proceeding westwardly toward Pittsburgh. The weather condition at the time and place of the collision was foggy, and the visibility was between 25 to 35 feet. Marciano testified that he was travelling at about 15 miles per hour when the rear of his vehicle was struck by the Truck Lines' truck. Mrs. Grippo testified that, just prior to the collision, she heard a horn or motor or something but that she didn't remember anything after the collision.

---

[2] Appellant delivered to Marciano a release executed in conformity with the provisions of the Uniform Contribution Among Tortfeasors Act. Since Marciano no longer had a legal interest in the outcome of the suit and to relieve him of the expense of participating in the trial, the court granted counsel leave to withdraw his appearance on behalf of Marciano.

She did testify that the Marciano vehicle was moving forward when the collision occurred.

The Truck Lines, by its witnesses, Wilbur Knipple, the driver, and his son, Gerald, testified that they were proceeding in the truck ( a 6 ton International "W" plate) toward Pittsburgh.[3] Knipple testified that he was travelling at the time of the accident at about 20 miles per hour with his foot on the brake, for because of the fog, he was "looking for stuff". While proceeding in this manner, Knipple and his son observed the two red rear lights of the Marciano vehicle which was stopped on the highway about 30 feet ahead. Knipple and his son testified that he brought his vehicle to a stop, 30 feet behind the Marciano vehicle, and then moved it to within fifteen feet of the Marciano vehicle. Knipple was getting out of the truck to see what Marciano had stopped for when he noticed Marciano's car beginning to drift back toward the truck. Knipple then jumped back into the truck and "laid" on the horn until the collision occurred. On cross-examination, Knipple testified that he stopped his truck (travelling at 20 miles per hour) within 5 to 10 feet.

Appellant contends that the Truck Lines' version of the collision is incredible and wholly unbelievable. In support of this position she cites the "Speed and Stopping Distance" chart in the Digest of The Vehicle Code of Pennsylvania (Revised October 1, 1956), compiled by the Department of Revenue which shows that, when a car is travelling 20 miles per hour, its minimum stopping distance, under normal conditions and ordinary circumstances, is 40 feet (22 feet of which are travelled while the driver is thinking to apply brakes). Appellant concludes, therefore, that the testimony of

---

[3] Wilbur Knipple, and his son, Gerald, were accompanied on the morning of the collision by another youth, Keith Sanders. At the time of the trial, Sanders was in the Navy and did not testify.

the Truck Lines' driver, relative to seeing the Marciano vehicle 30 feet ahead of him, and stopping within 5 to 10 feet without striking it, is incredible. While it is true that the driver testified that he first saw the Marciano vehicle 30 feet ahead of him, it is also noted that he testified both on direct and cross-examination that he stopped his vehicle 30 feet behind the Marciano vehicle. This conflict, if it was such, was for the jury to reconcile. Furthermore, while this court has twice approved the chart offered here,[4] we do not feel that it is applicable or determinative of the present question under the instant facts and circumstances. First, the instant collision took place on a grade and not on a level road surface. Second, the instant case is not the normal type situation contemplated by the above chart in which the relaxed driver is suddenly confronted by an obstacle or dangerous condition. Indeed, the testimony of the driver shows that he was proceeding with caution and anticipated the very situation which confronted him and in this regard, it must be noted that, at the time he saw the Marciano vehicle, Knipple *had his foot already on the brake.* Under these circumstances, it is not for us to say that the Truck Lines' version of the accident was incredible or unbelievable and, under these circumstances, the plausibility of Knipple's testimony was for the jury.

A review of the record further illustrates that the testimony of Knipple as to the stopping distance was an estimate. Our appellate courts have recognized that stopping distance generally seems much shorter than it really is and that estimates or guesses of motorists in that regard are of little weight and paid little attention. See: *DeMarco v. Rose,* 392 Pa. 1, 3, 4, 5, 139 A. 2d 634; *Holland v. Kohn,* 155 Pa. Superior

---

[4] *DeMarco v. Rose,* 392 Pa. 1, 5, 139 A. 2d 634; *Finnin v. Neubert,* 378 Pa. 40, 46, 105 A. 2d 77.

Ct. 95, 102, 38 A. 2d 500; *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 164, 30 A. 2d 172.

Appellant also urges that the absence on the record of any reason or explanation for the Marciano vehicle being stopped or drifting backward on the highway strongly suggests the Truck Lines' version of the collision to be a fabrication. Both the premise and the conclusion of this contention are without merit. It was not encumbent upon the Truck Lines to proffer any reason or explanation for the conduct of the additional defendant, Marciano. Indeed, any reason or explanation of this conduct was peculiarly within the knowledge of Marciano or Mrs. Grippo. Furthermore, the record also discloses that Knipple's version of the collision was related to both Marciano and the investigating police officer at the scene of the collision.

A review of the entire record discloses one factual issue—whether the Marciano vehicle struck or was struck by the Truck Lines' truck. The evidence was both oral and conflicting. It is not the province of this Court to resolve conflicts in the testimony or usurp the functions of the jury; rather, it is primarily the duty of the trial court to pass upon the weight of the evidence and to grant or withhold a new trial accordingly: *Burd and Ulrich v. Pennsylvania Railroad Co.,* 401 Pa. 284, 164 A. 2d 324; *Edelson v. Ochrock,* 380 Pa. 426, 427, 111 A. 2d 455. We agree with the court below that the verdict was supported by the evidence and we are fully satisfied that the court below did not abuse its discretion in refusing the motion for a new trial.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.